PER CURIAM.
Appellant, Ervin Harden, and appellee, William D. Hatfield, were involved in an automobile accident on the Venetian Causeway in Miami, Dade County, Florida. Harden was driving east from Miami to Miami Beach and Hatfield was driving west from Miami Beach to Miami. The accident occurred near the center line dividing the eastbound traffic from the westbound traffic. Both parties sustained personal injuries and property damage.
Harden brought suit against Hatfield. Hatfield answered the complaint and brought a counterclaim against Harden. Each alleged the negligence of the other as the proximate cause of the accident, and each pled the affirmative defense of contributory negligence. Two verdicts were returned by the jury; one found the defendant-appellee, Hatfield, not guilty; and the other assessed damages for Hatfield against the appellant, Harden. Two separate judgments were entered on the verdicts. The appellant filed his notice of appeal from the judgment based upon the not guilty verdict. This judgment only provided, inter alia, “that said Plaintiff take nothing by his suit and that the defendant go hence without day and recover its cost in this cause expended, to be taxed by further Order of the Court.” No appeal was taken from the judgment awarding damages to Hatfield. It has been previously held that a complaint and counterclaim do not constitute separate suits and that one judgment is properly entered upon the verdict of the jury in such a case. Tobin v. Garry, Fla.App.1961, 127 So.2d 698, 700.
The fact that the court with agreement of counsel for the parties submitted separate verdict forms for the complaint and the counterclaim does not change this rule. It is apparent that in this instance no objection was raised by either party to the procedure of entering separate judgments. Because the matter is not jurisdictional, we do not comment further upon it. Nevertheless, it is necessary to point out that upon this appeal from a judgment for the defendant upon the complaint, we may not consider matters going exclusively to the judgment which is not appealed.
Appellant, Harden, has presented two points. The first of these urges that his plea of contributory negligence entered to the Hatfield counterclaim was improperly ignored by the court in that the trial judge refused appellant’s request for a general instruction on contributory negligence. We may not consider this point because it goes exclusively to the question of whether the appellant as counter-defendant was entitled to an instruction on contributory negligence as it applied to the counterclaim.
Appellant’s second point urges that the court erred in admitting testimony of appel-lee as to the amount of a treating doctor’s bill when the bill itself was not introduced, there was no testimony as to the reasonableness of the bill, and the bill had not been paid. It is apparent that this point also is directed exclusively to the judgment which found the appellant, Harden, guilty of negligence and assessed damages as a consequence of that finding.
Having reached the conclusion that no reversible error has been shown as to the judgment in favor of the defendant, Flat-field, upon the claim of plaintiff, Harden, said judgment must be and hereby is affirmed.
Affirmed.