PER CURIAM.
The appellee, defendant below, has moved to dismiss each of these appeals because of an alleged defect in the notice of appeal. This notice stated that the appeal was taken by the defendant and the notice was signed by a law firm “as attorneys for the defendant,” while actually the members of that firm were attorneys of record for the plaintiff and the appeal was intended to be taken by the plaintiff. A few days later, within the time allowed by the rules, the assignments of error and directions to the clerk were filed, signed by the same firm as attorneys for the plaintiff. After the time prescribed by our rules for filing a notice of appeal, the appellee filed the motion to dismiss on the mentioned ground.
Technically, of course, the notice of appeal is defective in naming the wrong party as the one taking the appeal. On the other hand, from the moment of the filing of the notice, it was perfectly *565 -obvious to all concerned that the appeal was really taken by the plaintiff, and all ■appeal papers subsequently filed correctly stated the parties’ names. It is clear from the record that no prejudice or inconvenience resulted to either party from this error in the notice. The error was patently ■an inadvertent misprision, a clerical error, a kind that occasionally creeps into papers prepared in a law office.
We are thus squarely confronted with the question whether we should strictly apply the rules and dismiss appeal, or, in the light of the peculiar circumstances of this •case, deny the motion to dismiss so that the appellant will not be deprived of a judicial appellate review of the judgment appealed from. We think the latter action is justified by the purpose of our procedural rules to effect a proper administration of justice under law.
Motion to dismiss denied.
CARROLL, DONALD K., C. J., and STURGIS and RAWLS, JJ., concur.