181 So.2d 521 (1966)
Edward ROBBINS, Petitioner,
v.
S.D.S. CIPES and A. Bret Cipes, individually and as a partnership doing business as S.D.S. Cipes, Realtors, Respondents.
No. 33896.
Supreme Court of Florida.
January 5, 1966.
F.E. Gotthardt, of Gotthardt, Christie & Shepard, Miami, for petitioner.
L.J. Cushman, Miami, for respondents.
DREW, Justice.
Petitioner seeks certiorari to review an order of the District Court of Appeal dismissing his appeal. Jurisdiction is grounded on the proposition that the dismissal of the appeal is in conflict with Seaboard Air Line Railroad Company v. Holt, (1955, Fla.) 80 So.2d 354, Watson v. Dedmon (1962, Fla.App.) 145 So.2d 564, and similar cases.
The record shows that the notice of appeal[1] erroneously recited that the order was recorded in the "Minute Book" instead of in the "Chancery Order Book". The sole *522 ground alleged in the motion to dismiss[2] was that the petitioner in his notice of appeal had made reference to the Minute Book rather than the Chancery Order Book, the book and page number being otherwise correct. The notice of appeal is directed to the "order granting a motion to dismiss amended complaint entered * * * under date of the 3rd day of June, 1964".
In Seaboard Air Line Railroad Company v. Holt, supra, where the book and page number were not set forth in the notice, we held:
"* * * We hold that if the notice of appeal gives to an adverse party and to the appellate court information by the use of which the order or judgment intended to be appealed can be discovered in the record with a reasonable degree of certainty, its purpose is accomplished and it should be held sufficient to withstand a motion to dismiss predicated upon failure strictly to comply with the prescribed form."
The order appealed from in this case was properly described, the date of its entry was accurately set out and the book and page number were correct. The only error was in specifying that the book was the "Minute Book" rather than the "Chancery Order Book" where, in fact, it was recorded. The conclusion that appellees could not have been misled, prejudiced or even inconvenienced by this error is bolstered by the fact that the notice of appeal was properly captioned "In Chancery" thus making the existence of error in this respect apparent. Appellees' attorneys are presumed to know that orders in Chancery cases are, as a matter of course, required by law to be entered in the Chancery Order Book. Prejudice in such a situation is mythical. Appeals to the Supreme Court and the District Courts of Appeal are constitutionally guaranteed rights in this State.[3] This being true, it is fundamental that statutes or rules regulating the exercise of such rights should be liberally construed in favor of the appealing party and in the interest of manifest justice.[4]
The time within which the jurisdiction of an appellate court in this State may be invoked is fixed by statute and is, therefore, jurisdictional.[5] Deficiencies or ambiguities in the notice of appeal may be waived by the conduct of opposing party. Moreover, in testing the sufficency of the notice, the record itself should be examined. Where the examination of the notice of the appeal and other appellate documents such as assignments of error, briefs and other pertinent papers show that the parties have not been misled or prejudiced by any deficiencies or ambiguities in the notice itself, the dismissal of such an appeal would not only be contrary to prior precedents of this Court but inconsistent with the concept of our appellate procedures and the true administration of justice. It is pertinent to note that F.A.R. 3.2, 31 F.S.A. provides that an appeal shall be commenced by filing a notice of appeal and taking certain other *523 steps. The rule provides that the notice of appeal may be in the form approved by the Court. The rule further provides that the filing of the notice and deposit of the fee with the Clerk shall give the Court jurisdiction. There is nothing in Rule 3.2 that could or should be construed as requiring the dismissal of an appeal because of ambiguities or insufficiencies of the notice which do not mislead or prejudice the opposing party.
The questioned decision is quashed with directions to the District Court to reinstate the appeal.
It is so ordered.
THORNAL, C.J., ROBERTS and O'CONNELL, JJ., and KING, Circuit Judge, concur.
THOMAS, J., not participating.
NOTES
[1] "The plaintiff, EDWARD ROBBINS, takes and enters his appeal to the District Court of Appeal, Third District of Florida, to review the order granting motion to dismiss amended complaint entered in the above styled cause under date of the 3rd day of June, 1964, and recorded in the records of said court in Minute Book 1766 at page 482 thereof, and all parties to said cause are called upon to take notice of the entry of this appeal."
[2] "Appellees, S.D.S. CIPES and A. BRET CIPES, individually, and as a partnership doing business as S.D.S. CIPES, Realtors, move the Court to dismiss the appeal in the above styled cause, upon the ground:

"That the Notice of Appeal, a certified copy of which is attached hereto as Exhibit `A' hereof and made a part hereof, does not substantially comply with the requirements of Rule 3.2 and Rule 7.2 [a] Florida Appellate Rules [31 F.S.A.], and is insufficient in law to confer jurisdiction of the subject matter upon this Court."
[3] Art. V., Sec. 4(2); Art. V, Sec. 5(3), Florida Constitution, F.S.A.
[4] On the questions of content and sufciency of notice of appeal in the federal system, see 7 Moore's Federal Practice, 2d ed., § 73.14, p. 3160, and Supplement thereto.
[5] State ex rel. Moore v. Murphree (1958, Fla.App.) 106 So.2d 430; Ramagli Realty Co. v. Craver (1960, Fla.) 121 So.2d 648; Re Wartman's Estate (1961, Fla.) 128 So.2d 600.