181 So.2d 638 (1966)
The GREYHOUND CORPORATION, a foreign corporation, Petitioner,
v.
Cecil CARSWELL, Respondent.
No. 33964.
Supreme Court of Florida.
January 5, 1966.
*639 Leo L. Foster and Julius F. Parker, Jr., of Parker, Foster & Madigan, Tallahassee, for petitioner.
Mayo C. Johnston, of Davenport, Johnston, Harris & Urquhart, Panama City, Harvie J. Belser and Clyde R. Brown, Bonifay, for respondent.
DREW, Justice.
Respondent, plaintiff in the circuit court (hereafter Carswell), obtained a verdict against petitioner (hereafter Greyhound) and final judgment was entered thereon January 29, 1964. Greyhound filed a motion for judgment n.o.v. or, in the alternative, for a new trial. March 18, 1964, by two separate orders, the trial court denied these motions. Greyhound then filed a notice of appeal[1] from the "Order, Judgment or Decree * * * bearing date of the 18th day of March, 1964."
The notice of appeal and the directions to the Clerk for preparing the record were mailed at the same time to Carswell. The directions to the Clerk included this instruction: "At the same time the Clerk of this Court will also transmit to the Clerk of said District Court of Appeal certified copies of the final judgment appealed from." (Emphasis supplied.)
The record was prepared by the Clerk and both parties submitted briefs directed toward the sufficiency of the evidence to support the final judgment and the case was set for oral argument October 14, 1964.
October 2, 1964, the District Court, ex mero motu, pointed out that on the date specified in the Notice of Appeal there was no final judgment but only two non-appealable *640 orders handed down. The Court gave Greyhound ten days to serve a brief on Carswell showing why the case should not be dismissed for lack of jurisdiction. Both parties submitted briefs  Carswell's accompanied by a motion to dismiss. A hearing was had and the DCA granted the motion to dismiss.
It is this order which we are asked to review with jurisdiction based on alleged conflict between the order here involved and Watson v. Dedmon;[2] Seaboard Air Line R. Co. v. Holt,[3] and Purdy v. Bayley.[4] We may not consider in determining the question of conflict Watson v. Dedmon since it was decided by the Court of Appeal for the First District as was the case sub judice.[5] However, we do find conflict with the other two cited cases, and think the decision in this case is irreconcilable with Watson v. Dedmon.[6]
The instructions to the clerk which accompanied the notice of appeal (a part of the record) made clear that it was the final judgment that was being appealed and Carswell's brief and all actions of the parties subsequent thereto were directed to this point.
Seaboard Air Line R. Co. v. Holt, supra, decided in 1955, laid down one test for the sufficiency of a notice of appeal: a notice which gives to the adverse party and to the appellate court information by the use of which the order or judgment intended to be appealed can be discovered in the record with a reasonable degree of certainty is sufficient to withstand a motion to dismiss. State ex rel. Dedmon v. Carroll[7] reiterated the Seaboard test and added the test of whether or not the complaining party was misled or prejudiced by the mistake. On reconsideration of the problem, it seems to us that the test of prejudice to the adversary is the essential test, the deciding test. It encompasses within it that of Seaboard for if the notice gives information pointing to the order appealed from in the record, there can be no prejudice.
Such a rule is in accord with the spirit of our Constitution which gives an appeal from trial courts to courts of appeal as a matter of right;[8] and with the appellate rules which provide that jurisdiction shall attach in the appellate court upon the filing of notice and deposit of the filing fee with the clerk of the lower court.[9] With the rules so clearly setting forth the *641 requirements of a notice of appeal, there is no excuse for the carelessness shown by this record. Nevertheless, it would unduly prejudice the constitutionally guaranteed right of appeal to penalize a party by depriving him of that appeal when the technical violation of the rules does not result in demonstrable prejudice to the other party.
Certiorari is granted. The decision of the District Court is quashed with directions to reinstate the appeal.[10]
ROBERTS, O'CONNELL and ERVIN, JJ., concur.
THORNAL, C.J., THOMAS, J., and KING, Circuit Judge, dissent.
NOTES
[1] "The Defendant, The Greyhound Corporation, a foreign corporation, takes and enters its appeal to the District Court of Appeal for the First District of Florida to review the Order, Judgment or Decree of the Circuit Court of the Fourteenth Judicial Circuit in and for Washington County, Florida, bearing date of the 18th day of March, 1964, entered in the above styled cause and the parties to said cause are called upon to take notice of this appeal."
[2] Fla.App., 1st Dist., 1962, 145 So.2d 564.
[3] Fla., 1955, 80 So.2d 354.
[4] Fla.App., 2nd Dist., 1965, case no. 5580.
[5] F.A.R. Rule 4.5, subd. c(6), 31 F.S.A.; Shaw v. Puleo, Fla. 1964, 159 So.2d 641.
[6] The rationale of the following language from the decision of the First District in Watson v. Dedmon, when applied to this case, would require a decision in favor of Greyhound:

"Technically, of course, the notice of appeal is defective in naming the wrong party as the one taking the appeal. On the other hand, from the moment of the filing of the notice, it was perfectly obvious to all concerned that the appeal was really taken by the plaintiff, and all appeal papers subsequently filed correctly stated the parties' names. It is clear from the record that no prejudice or inconvenience resulted to either party from this error in the notice. The error was patently an inadvertent misprision, a clerical error, a kind that occasionally creeps into papers prepared in a law office.
"We are thus squarely confronted with the question whether we should strictly apply the rules and dismiss appeal, or, in the light of the peculiar circumstances of this case, deny the motion to dismiss so that the appellant will not be deprived of a judicial appellate review of the judgment appealed from. We think the latter action is justified by the purpose of our procedural rules to effect a proper administration of justice under law."
[7] Fla., 1963, 151 So.2d 5, 8.
[8] Fla. Const., Art. V, § 5(3), F.S.A.
[9] F.A.R. Rule 3.2, subd. d.
[10] See Robbins v. Cipes, Fla., 181 So.2d 521, opinion filed January 5, 1966, relating to the same question.