LILES, Acting Chief Judge.
Appellees have filed a Motion to Dismiss this appeal on the ground that it appears from appellant’s Notice of Appeal that appeal is taken from a non-appealable order, i. e., an order denying appellant’s motion for new trial.
The record reflects that final judgment was rendered by the trial court on November 2, 1965. Appellant made a timely motion for new trial which was denied by the trial court by order rendered December 22, 1965. Thereafter, appellant filed his timely Notice of Appeal directed to “* * * the order denying the plaintiff’s Motion for New Trial * * * bearing date the 22nd day of December, 1965. * * * ” Appellant then filed his assignments of error assigning various alleged procedural errors in the conduct of the trial. Appellant’s directions to the clerk requested him to include, among other things, in the record-on-appeal “ * * * a certified copy of the verdict and judgment entered by the court and filed with the clerk on November 2, 1965. * * * ” which was the date the final judgment was rendered.
We believe this situation is now controlled by the recent decisions of the Florida Supreme Court in Robbins v. Cipes, 181 So.2d 521 (Fla.1966), and Greyhound Corp. v. Carswell, 181 So.2d 638 (Fla.1966). In Robbins v. Cipes, supra, the Notice of Appeal erroneously recited that the order appealed was recorded in the “Minute Book” instead of the “Chancery Order Book.” The Court held this was not a fatal defect so as to deprive the reviewing court of jurisdiction to hear the case. The Court stated:
“ * * * Prejudice in such a situation is mythical. Appeals to the Supreme Court and the District Courts of Appeal' are constitutionally guaranteed rights in this State. This being true, it is fundamental that statutes or rules regulating the exercise of such rights should be liberally construed in favor of the appealing party and in the interest of manifest justice.
“ * * * Moreover, in testing the sufficiency of the notice, the record itself should he examined. Where the examination of the notice of the appeal and other appellate documents such as assignments of error, briefs and other pertinent papers show that the parties have not been misled or prejudiced by any deficiencies or ambiguities in the notice itself, the dismissal of such an appeal would not only be contrary to prior precedents of this Court but inconsistent with the concept of our appellate procedures and the true administration of justice. * * * ” (Emphasis added.) Robbins v. Cipes, 181 So.2d at page 522.
In Greyhound Corp v. Carswell, 181 So.2d 638 (Fla.1966), plaintiff Carswell obtained a verdict against defendant Grey *222 hound. Defendant filed a motion for judgment n. o. v. or, in the alternative, for a new trial. These motions were denied by the trial court on March 18, 1964. Defendant then filed a Notice of Appeal from the “Order, Judgment or Decree * * * bearing date of the 18th day of March, 1964.” Assignments of error, directions to the clerk, etc., were prepared and filed. The record-on-appeal was prepared and both parties submitted briefs on the merits. The First District Court of Appeal subsequently dismissed the appeal ex mero motu on the grounds that no appealable order had been entered on March 18, 1964. Defendant Greyhound petitioned the Florida Supreme Court for writ of certiorari. The Court granted the writ and quashed order of dismissal with directions to reinstate the appeal, stating in part:
“The instructions to the clerk which accompanied the notice of appeal (a part of the record) made clear that it was the final judgment that was being appealed and Carswell’s brief and all actions of the parties subsequent thereto were directed to this point.
“ * * * [I]t seems to us that the test of prejudice to the adversely is the essential test, the deciding test. It encompasses within it that of Seaboard [Air Line R. Co. v. Holt, Fla., 80 So.2d 354] for if the notice gives information pointing to the order appealed from in the record, there can be no prejudice.” (Emphasis added.) 181 So.2d at 640.
In the Greyhound case, the Notice of Appeal recited the date upon which the order denying a motion for new trial was entered. In the instant case, appellant’s Notice of Appeal specifically states that appeal is taken from an order denying a motion for new trial. Here, as in the Greyhound case, appellant’s assignments of error and directions to the clerk indicate the final judgment is the subject of the appeal. Moreover, appellees have neither alleged nor demonstrated any prejudice to themselves as a result of appellant’s erroneous designation of his Notice of Appeal.
In view of the foregoing, appellees’ Motion To Dismiss the appeal is denied.
Appellant’s “Motion to Dismiss on Specific Grounds” is denied.
HOBSON and PIERCE, JJ., concur.