DREW, Justice
(concurring specially).
In Robbins v. Cipes we said:[1]
“Deficiencies or ambiguities in the notice of appeal may be waived by the conduct of opposing party. Moreover, in testing the sufficiency of the notice, the record itself should be examined. Where the examination of the notice of the appeal and other appellate documents such as assignments of error, briefs and other pertinent papers show that the parties have not been misled or prejudiced by any deficiencies or ambiguities in the notice itself, the dismissal of such an appeal would not only be contrary to prior precedents of this Court but inconsistent with the concept of our appellate procedures and the true administration of justice.” [Emphasis added.]
Had the notice of appeal in this case[2] used the plural instead of the singular there would have been no question of the validity of the notice of appeal to bring both judgments for review under the authorities cited by the majority, even though the page number given was 26 instead of 25, the correct page number. Thus, the failure to do so considered with the disclosures of the assignments of error and the other portions of the record clearly constituted “deficiencies or ambiguities” of the kind mentioned in Robbins. As thus construed, the notice of appeal was sufficient to vest in the District Court jurisdiction to review these two judgments. It is my view the Court clearly erred in requiring an election under such circumstances.
For these and the other reasons set forth in the opinion of the majority, I concur in the judgment.

. 181 So.2d 521, 522 (Fla.1966).

. Tlie pertinent portions of the Notice of Appeal are as follows:
“The defendant, KENNETH RAT WEBSTER, takes and enters his appeal to the Appellate Court of the State of Florida, to review the order, judgment or decree of the Circuit Court of the Nineteenth Judicial Circuit of Florida, in and for Indian River County, bearing date of December 20, 190S, and rendered and recorded in Circuit Court Minute Book 12, page 26, on December 20, 1968.
“The nature of the order appealed from is a judgment and sentence.”
The directions to the Clerk for the preparation of the record designated for the record on appeal, as item 3, “verdict, sentence and judgment.” Pursuant to this direction, the Clerk incorporated in the record the judgment of December 20, 1968, recorded in Book 12 at page 25 (not 26), sentencing the defendant to five years for the unlawful sale of narcotics but did not include the judgment, dated the same day and recorded on the same page in the same Minute Book for unlawful possession. Both judgments imposed a five-year sentence to run concurrently. The state could not possibly have been prejudiced in this appeal.