BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Fourth District, reported at 227 So.2d 109. Jurisdiction is based on conflict with the decision of this Court in State ex rel. Poe v. Allen.[1]
Respondent Narron, plaintiff below, brought a negligence action against petitioners seeking recovery for damages incurred in an automobile accident. The jury returned a verdict in favor of respondent in the amount of $100,000.00 and final judgment was entered thereon on June 13, 1969. Thereafter, motion for a judgment in accordance with motion for directed verdict or in the alternative, motion for new trial was filed by defendants-petitioners on June 8, 1969. The lower court entered an order denying petitioners’ motion on July 3, 1969. On July 11, 1969, petitioners served notice upon respondent that they had signed the supersedeas bond which document indicated an appeal was to be taken from the June 13 final judgment. On July 28, 1969, petitioners filed their timely notice of appeal, directions to the clerk, directions to court reporter and assignments of error. The notice of appeal reads as follows :
“ROBERT E. EGGERS and RICHARDSON TRACTOR COMPANY, Defendants, takes and enters their appeal to the District Court of Appeal for the Fourth District of Florida, to review the Order of the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, bearing date the 3rd day of July, A.D.1969, and rendered and recorded in Minutes Circuit Court Book 164, Page 267. The nature of the Order appealed from is the denial of the Defendants’ motion for judgment in accordance with the Motion for Directed Verdict or in the alternative, Motion for New Trial. All parties to said cause are called upon to take notice of the entry of this appeal.”
On September 3, 1969, petitioners filed a motion for leave to amend notice of appeal with the Fourth District Court of Appeal because it sought to appeal the non-appeal-able order denying petitioners’ motion for new trial and other relief. On September 4, 1969, respondent filed a motion to dismiss appeal. By short-form order rendered September 28, 1969, the District Court denied petitioners’ motion to amend their *74 notice of appeal and granted respondent’s motion to dismiss the appeal.
In State ex rel. Poe v. Allen, supra, the notice of appeal was directed to the “Order denying plaintiff’s motion for new trial * * * bearing date the 22nd day of December, 1965. * * *”[2] Appellant’s directions to the clerk directed him to include, among other things, on the record on appeál, a certified copy of the verdict and judgment entered by the court and filed with the clerk on November 2, 1965, which was the date the final judgment was rendered. This Court upheld the District Court’s denial of appellee’s motion to dismiss the appeal and stated the factors to be considered in testing the sufficiency of a notice of appeal as follows:[3]
“The significant factors fully delineated in the earlier cited opinions and present in the case sub judice are proper identification of the litigation in the notice, a clear intent to prosecute an effective appeal, specification of errors reviewable only upon appeal from the final judgment, presentation of a record sustaining such an appeal, and the absence of any record basis for genuine prejudice as a result of the defective notice. While a timely notice that appellate review is invoked is certainly a jurisdictional prerequisite not subject to judicial control, the earlier decisions dismissing appeals for defects in form or content omit consideration of the above principles and do not by rationale negative the clear provision of the current appellate rules that such defects shall not defeat appellate jurisdiction in the absence of actual prejudice.”
The notices of appeal filed in the instant case and in State ex rel. Poe v. Allen, supra, were similarly defective. Nevertheless, appellees seek to distinguish State ex rel. Poe v. Allen on the grounds that there were more indications of an intent to appeal something other than the non-appeal-able order mentioned in the notice of appeal in State ex rel. Poe v. Allen, than in the instant case. The record in the instant case contains an order of the trial judge dated July 3, 1969, entered after hearing on supersedeas bond, which order provides:
“ * * * plaintiff may supersede the Final Judgment of June 13, 1969 by posting with the Clerk, as provided by law, a supersedeas bond in the amount of $115,000.00.”
Further, the supersedeas bond itself, which was served on opposing counsel, clearly indicates that the appeal was to be from the final judgment. Also, the directions to the clerk and the assignments of error indicated that appeal was being sought from the final judgment. Respondent contends that none of these indications of intent to appeal the final judgment were adequate. Respondent does not allege, however, that he was at any time misled into believing something other than the final judgment was being appealed nor is there any showing of prejudice.
We hold that our decision in State ex rel. Poe v. Allen, supra, is controlling herein and that the defect in the notice of appeal is not jurisdictional under Rule 3.2(c), F.A.R., 32 F.S.A.[4]
Accordingly, certiorari is granted and the decision of the District Court is quashed and the cause remanded with directions to reinstate the appeal.
It is so ordered.
ERVIN, C. J., CARLTON, J., and MASON, Circuit Judge, concur.
THORNAL, J., dissents on jurisdiction.

. 196 So.2d 745 (Fla.1967).

. Edwards v. Toe, 189 So.2d 220, 221 (Fla. App.2d 1966).

. State ex rel. Poe v. Allen, 196 So. 2d 745, 746 (Fla.1967).

.Fla.App. Rule 3.2(c) : “ * * * Deficiencies in form or substance in the notice of appeal shall not be jurisdictional and shall not be ground for dismissal of the appeal unless it be clearly shown that the complaining party was misled or prejudiced by such deficiencies.”