267 So.2d 78 (1972)
Joy BROWN and William Brown, Her Husband, Petitioners,
v.
WINN-DIXIE STORES, INC., a Florida Corporation, Respondent.
No. 41933.
Supreme Court of Florida.
September 20, 1972.
Lawrence B. Friedman, of Baxter & Friedman, North Miami Beach, for petitioners.
Knight, Peters, Hoeveler, Pickle, Niemoeller & Flynn, Miami, for respondent.
ADKINS, Justice.
By petition for certiorari, we have for review an order of the District Court of Appeal, Third District, dismissing an appeal which allegedly conflicts with a prior decision of this Court (Greyhound Corporation v. Carswell, 181 So.2d 638) on the same point of law. Fla. Const., art. V, § 4, F.S.A.
Petitioners, Joy and William Brown, sued McArthur Dairies, Inc. (hereinafter referred to as McArthur), and Winn-Dixie Stores, Inc. (hereinafter referred to as Winn-Dixie), for personal injuries allegedly received by Joy Brown. At the conclusion of plaintiff's case, the trial judge directed a verdict in favor of McArthur and the jury returned a verdict in favor of Winn-Dixie. On May 7, 1971, a final judgment was entered in favor of McArthur and another final judgment was *79 entered in favor of Winn-Dixie. Both final judgments were filed at the same time and recorded in the Circuit Court Minute Book on different pages. A timely filed motion for new trial was denied by the Court on September 13, 1971.
By uncontroverted affidavit, it appears that petitioners' law firm telephoned the office of the Clerk of the Circuit Court to obtain the necessary Minute Book and page number wherein the final judgments were entered. Petitioners' attorney was given the Minute Book entry of the judgment rendered in favor of McArthur, but not the one in favor of Winn-Dixie.
The notice of appeal, filed October 1, 1971, referred only to the McArthur judgment and omitted a reference to the Minute Book entry of the Winn-Dixie judgment. Copies of the notice of appeal were mailed to the attorney for Winn-Dixie and the attorney for McArthur.
On October 22, 1971, assignments of error were filed wherein petitioners assigned and designated as error various judicial acts in the lower court, some of which pertained to and directly affected Winn-Dixie. On the same day directions to the clerk were filed wherein the clerk was directed to include the Winn-Dixie judgment. Copies of the assignments of errors and the directions to the clerk were mailed to the attorney for Winn-Dixie and the attorney for McArthur.
The designations to the reporter requested that the reporter transcribe and certify all other proceedings held in the trial court, excluding the introductory remarks and charges of the Court and certain portions of the voir dire examination. Copies of designations to the reporter were mailed to the attorney for Winn-Dixie and the attorney for McArthur.
Twenty-seven days after the mailing of the notice of appeal and seventeen days after the mailing of the assignments of error, directions to the clerk and designations to the reporter, Winn-Dixie filed its motion to dismiss the appeal on the ground that petitioners failed to file a notice of appeal from the final judgment in favor of Winn-Dixie, and further, that any assignments of error directed to Winn-Dixie were improper. Thereafter, the District Court of Appeal, Third District, entered an order dismissing the appeal as to Winn-Dixie. This certiorari proceeding resulted.
In Greyhound Corporation v. Carswell, supra, final judgment was entered in favor of plaintiff Carswell. Greyhound filed a motion for judgment n.o.v., or, in the alternative, for a new trial. On March 18, 1964, by two separate orders the trial court denied these motions. Greyhound then filed a notice of appeal from the "Order, Judgment or Decree ... bearing date of the 18th day of March, 1964." In other words, the notice of appeal was not directed to the final judgment, but the directions to the clerk included an instruction that the clerk transmit certified copies of the "final judgment appealed from." The order of the District Court of Appeal dismissing the appeal was quashed by this Court. The following appears in our opinion:
"The instructions to the clerk which accompanied the notice of appeal (a part of the record) made clear that it was the final judgment that was being appealed and Carswell's brief and all actions of the parties subsequent thereto were directed to this point.
"Seaboard Air Line R. Co. v. Holt, supra [Fla., 80 So.2d 354], decided in 1955, laid down one test for the sufficiency of a notice of appeal: a notice which gives to the adverse party and to the appellate court information by the use of which the order or judgment intended to be appealed can be discovered in the record with a reasonable degree of certainty is sufficient to withstand a motion to dismiss. State ex rel. Dedmon v. Carroll [Fla., 1963, 151 So.2d 5, 8] reiterated the Seaboard test and added the test of whether or not the complaining party was misled or prejudiced by the mistake. On reconsideration *80 of the problem, it seems to us that the test of prejudice to the adversary is the essential test, the deciding test. It encompasses within it that of Seaboard for if the notice gives information pointing to the order appealed from in the record, there can be no prejudice.
"Such a rule is in accord with the spirit of our Constitution which gives an appeal from trial courts to courts of appeal as a matter of right; and with the appellate rules which provide that jurisdiction shall attach in the appellate court upon the filing of notice and deposit of the filing fee with the clerk of the lower court. With the rules so clearly setting forth the requirements of a notice of appeal, there is no excuse for the carelessness shown by this record. Nevertheless, it would unduly prejudice the constitutionally guaranteed right of appeal to penalize a party by depriving him of that appeal when the technical violation of the rules does not result in demonstrable prejudice to the other party." 181 So.2d 638, pp. 640-641.
We have consistently held that a notice of appeal is sufficient if it gives the Appellate Court and the adverse party information adequate to identify in the record the judgment intended to be appealed. But primarily, the party moving to dismiss the appeal must show some prejudice or inconvenience caused by the deficiency in the notice of appeal. See Hollimon v. State, 232 So.2d 394 (Fla. 1970), where this Court said:
"In the circumstances shown by this record, there can be no doubt that the notice of appeal directed to all four of the judgments for which review was sought was entirely adequate to advise the State of the judgments from which the appeal was taken. The four cases were throughout the trial, for the purpose of the various motions referred to above, treated as one consolidated trial without objection by the State; and there is nothing in the record to indicate  and no contention is made  that the State was prejudiced by the failure to file four separate notices of appeal directed to each separate judgment.
"Accordingly, the order here reviewed is quashed, with directions to entertain all four appeals upon compliance with the applicable rules for perfecting such appeals, treating them as if they had been formally consolidated." (pp. 396-397)
See also Webster v. State, 235 So.2d 499 (Fla. 1970).
Winn-Dixie relies upon Karden v. Hatfield, 143 So.2d 208 (Fla.App.3d, 1962). In that case defendant filed a counterclaim in addition to an answer to plaintiff's complaint, and the Court submitted two separate verdicts to the jury. The jury returned a not guilty verdict in favor of defendant and a judgment for damages in favor of the defendant on his counterclaim. Although two separate judgments were entered, plaintiff appealed only from the judgment based on the not guilty verdict. In its opinion, the District Court of Appeal held that it would not consider any matters which the appellant raised that were directed to the judgment from which no appeal was taken. It does not appear that the appellant in the Karden case at any time alleged or argued that he intended to appeal from both of the final judgments, nor was there any record of an intent to appeal from both judgments. This decision does no violence to the rule announced in Karden.
There is conflict between the decision of the District Court of Appeal in the case sub judice and Greyhound Corporation v. Carswell, supra, so we have jurisdiction.
The notice of appeal gives the opposing party information sufficient to identify in the record the judgments appealed from, and it does not appear that any prejudice or inconvenience is caused to Winn-Dixie by the deficiency in the notice of appeal. In fact, the record does *81 not show any prejudice or inconvenience to Winn-Dixie, nor is there any contention in the brief of Winn-Dixie that prejudice resulted.
Accordingly, the order here reviewed is quashed with directions to entertain the appeal upon compliance with the applicable rules for perfecting such appeal.
It is so ordered.
ROBERTS, C.J., and BOYD, McCAIN and DEKLE, JJ., concur.