274 So.2d 883 (1973)
Sara Margaret De LOACHE, Petitioner,
v.
Meaders Clifton De LOACHE, Respondent.
No. 41691.
Supreme Court of Florida.
March 14, 1973.
*884 Kates & Ress, North Miami, and Douglas S. Lambeth, Ft. Lauderdale, for petitioner.
Guion T. De Loach, Miami, for respondent.
DEKLE, Justice.
We have for review by conflict certiorari an order of the District Court of Appeal, Fourth District, dismissing an appeal, reported at 252 So.2d 874. At the outset we note that the district court's dismissal is a short-form order without any comment on the applicable principles of law. So, we must examine the "record proper" to determine if a jurisdictional conflict exists.[1] Our analysis in this regard discloses a conflict with various cases hereafter mentioned, thus invoking our jurisdiction under Article V, § 3(b)(3) (1973), F.S.A. We dispensed with oral argument as unnecessary. See F.A.R. Rule 3.10(e), 32 F.S.A.
As gleaned from the "record proper" the salient facts are as follows: Petitioner-wife sued respondent-husband for divorce.[2] The trial court entered a final judgment granting a divorce and subsequently issued two amended final judgments involving property rights and the restoration of the wife's maiden name. Both sides moved for rehearing and the court in a single order denied the petitions for rehearing and required the parties to comply with the final judgment of divorce. Twenty-six days later, the wife filed a notice of appeal from the order denying the petitions for rehearing and requiring compliance with the final judgment.[3] Copies of the notice of appeal were mailed to the husband's attorneys. In a separate court order the trial judge granted the wife until July 23, 1971, in which to file assignments of error and directions to the clerk. By motion to dismiss the appeal, the husband challenged the sufficiency of the notice of appeal stating that it failed to include the date, book and page number of the order appealed from; that the order sought to be reviewed is non-appealable; and that these deficiencies misled and prejudiced him.
The Fourth District granted the motion dismissing the appeal two days before the assignments of error and the directions to the clerk were due and later denied rehearing in another short-form order. The action by the district court in failing to wait until the assignments of error and the directions to the clerk were either filed or were late creates a constitutional conflict with our prior cases placing a great reliance upon the record including assignments of error and the directions to the clerk in determining the sufficiency of a notice of appeal. Greyhound Corp. v. Carswell, 181 So.2d 638 (Fla. 1968); State ex rel. Poe v. Allen, 196 So.2d 745 (Fla. 1967); Eggers v. Narron, 238 So.2d 72 (Fla. 1970); Brown v. Winn-Dixie Stores, Inc., 267 So.2d 78 (Fla. 1972); and other related cases.
Despite the Fourth District's precipitous action in dismissing the appeal prior to the due date for the assignments of error and the directions to the clerk, the proposed assignments of error and directions to the clerk submitted to the district court by the *885 wife on rehearing must be considered. Upon an analysis of these documents we see that portions of the proposed assignments of error were directed to the final judgment of divorce and the first amended final judgment concerning certain property rights; the proposed directions to the clerk instructed the clerk to include the final judgment and the first amended final judgment in the record on appeal.
In this factual setting, we are confronted with the question of whether the notice of appeal is sufficient to support an appeal from those final judgments. Our review of the cases reveals that it is sufficient.
The criteria for determining the propriety of a notice of appeal were succinctly stated by that eminent jurist, E. Harris Drew, ret., in Greyhound Corp. v. Carswell, supra: (p. 640 of 181 So.2d)
"Seaboard Air Line R. Co. v. Holt, supra, [Fla., 1955, 80 So.2d 354] decided in 1955, laid down one test for the sufficiency of a notice of appeal: a notice which gives to the adverse party and to the appellate court information by the use of which the order or judgment intended to be appealed can be discovered in the record with a reasonable degree of certainty is sufficient to withstand a motion to dismiss. State ex rel. Dedmon v. Carroll [Fla., 1963, 151 So.2d 5] reiterated the Seaboard test and added the test of whether or not the complaining party was misled or prejudiced by the mistake. On reconsideration of the problem, it seems to us that the test of prejudice to the adversary is the essential test, the deciding test. It encompasses within it that of Seaboard for if the notice gives information pointing to the order appealed from in the record, there can be no prejudice.
"Such a rule is in accord with the spirit of our Constitution which gives an appeal from trial courts to courts of appeal as a matter of right; [Fla. Const., Art. V, § 5(3), F.S.A.] and with the appellate rules... ." (Emphasis and brackets by the Court).
F.A.R. 3.2, subd. c expressly provides that "deficiencies in form or substance in the notice of appeal shall not be jurisdictional and shall not be ground for dismissal... ."
In the subsequent case of Eggers v. Narron, supra, we quoted from State ex rel. Poe v. Allen, supra, which had formulated the appropriate test as follows: (p. 74 of 238 So.2d)
"`The significant factors fully delineated in the earlier cited opinions and present in the case sub judice are proper identification of the litigation in the notice, a clear intent to prosecute an effective appeal, specification of errors reviewable only upon appeal from the final judgment, presentation of a record sustaining such an appeal, and the absence of any record basis for genuine prejudice as a result of the defective notice.'"
Last year this Court in Brown v. Winn-Dixie Stores, Inc., supra, reviewed the basic principles concerning the validity of a notice of appeal and said: (p. 80 of 267 So.2d)
"We have consistently held that a notice of appeal is sufficient if it gives the Appellate Court and the adverse party information adequate to identify in the record the judgment intended to be appealed. But primarily, the party moving to dismiss the appeal must show some prejudice or inconvenience caused by the deficiency in the notice of appeal."
Based on the foregoing principles and in light of the record before the district court including the proposed assignments of error concerning two final judgments and proposed directions to the clerk requiring the inclusion of those final judgments in the record, there is sufficient information establishing the intent to appeal the final judgments, and the record does not indicate that the adverse party suffered any actual prejudice or inconvenience *886 by virtue of the deficiencies in the notice of appeal. Thus the outlined criteria are met.
Accordingly, the Fourth District's order dismissing the appeal is quashed with directions to entertain the appeal from the original final judgment and the first amended final judgment upon compliance with applicable rules for perfecting such appeal.
It is so ordered.
CARLTON, C.J., and ROBERTS, ERVIN and ADKINS, JJ., concur.
NOTES
[1] Foley v. Weaver Drugs, Inc., 177 So.2d 221 (Fla. 1965).
[2] This proceeding arose prior to the effective date of the new dissolution of marriage law in Ch. 61, Florida Statutes, F.S.A.
[3] This appeal could not have been properly dismissed due to untimeliness. The notice of appeal was filed within 30 days of the order denying rehearings and those petitions for rehearing from the trial court's final judgment had tolled the time for filing the notice of appeal. Laytner v. Humble Oil Co., 262 So.2d 675 (Fla. 1972).