PER CURIAM.
We dismissed this appeal. The Supreme Court ordered its reinstatement and directed this court to entertain the appeal from the final judgments. DeLoache v. DeLoache, 274 So.2d 883 (Fla.1973) We comply.
This appears to be an appeal brought by a wife from a final judgment of divorce.
She has four assignments of error as follows:
“1. No Notice of Final Hearing was served upon the Appellant by the Defendant as required by Rule 1.440 of the Florida Rules of Civil Procedure 30 F. S.A., and Rule 1.080 Florida Rules of Civil Procedure nor did the Court set a date for Final Hearing, nor was there a Stipulation by the parties to set this cause for final hearing.
“2. That the Final Judgment of Divorce which became final by the Order complained of partitioned real property of the parties without legal authority vested in the Court.
“3. That the Final Judgment of Divorce. complained of was entered outside the presence of the parties at the termination of a hearing not related to the subject matter of a Final Judgment.
“4. During a hearing on the Final Judgment which was never completed the Appellant was never given the opportunity to call corrobative witnesses nor was she allowed the opportunity to subpoena them in as much as the hearing was terminated without a further date being set, nor did she rest her case in chief.”
She poses one point on appeal:
“Did the court err in entering three final judgments of divorce when neither the petitioner nor the respondent had rested their case and specifically refused to consider evidence proffered by the wife tending to show that the husband, who is a jet air craft pilot, had already received substantial increases in earnings from the time of the commencement of this action and further evidence that he had subsequently acquired a substantial amount of real property.”
Contra to the requirement of Rule 3.7(f)(4), F.A.R., 32 F.S.A., the assignments of error from which the point argued arose are not stated in the brief. It would appear, as best we can tell, that at least assignments of error Nos. 1, 2 and 3 were abandoned, Rule 3.7 (i), F.A.R. Thus, we believe the gravamen of the appeal, putting together the remaining assignment and point, is that the final judgment was entered before the appellant had rested.
And now to the record on appeal, it consists of nine pleadings having a total of sixteen pages. Those pleadings are:
Complaint
Answer
*65 Copy of Final Judgment of Divorce
Copy of Amended Final Judgment of Divorce
Petition for Re-Hearing
Copy of Second Amended Final Judgment of Divorce
Copy of Petition for Re-Hearing
Order
Order on Plaintiff’s Motions
We notice at page 13 the wife petitioned for rehearing on the ground that the judgment had been prematurely entered and at page 14 we see where the trial court denied such motion without comment. There is no showing that this was not a correct and warranted ruling.
There is no transcript of testimony (counsel advises that a court reporter was not called to take the testimony at final hearing) and there is no stipulated statement of facts or effort at reconstructing the trial events.
Without further laboring the matter, the statement of facts contained in the brief is grossly unsupported. It is nowhere supported that hearings were held and judgments entered without notice or without the parties’ being present. Even more importantly, it is not reflected that the judgments were entered before the wife had rested her case. The appealed judgment is presumed correct and forasmuch as we know, in the absence of a certified transcript, the wife may have in fact rested or lead the trial court to feel that she had done so. Additionally, with reference back to the point on appeal, there is no evidence or record (assuming it was supported by an assignment of error) touching upon the alleged refusal by the trial court “ * * * to consider evidence preferred by the wife tending to show that the husband, who is a jet air craft pilot, had already received substantial increases in earnings from the time of the commencement of this action and further evidence that he had subsequently acquired a substantial amount of real property.”
Further, it is stated in the brief “ * * * that the wife attempted to proffer an agreement for deed for a certain parcel of land in Polk County, North Carolina, for approximately $30,000.00 (R-25).” There is no record of this statement and there is no page 25 in the record.
It is manifest that appellant has failed to demonstrate error and the judgment must be affirmed. 2 Fla.Jur. Appeals § 316. Belflower v. Risher, 227 So.2d 702 (4 D.C.A.Fla.1969); Warriner v. Doug Tower, Inc., 180 So.2d 384 (3rd D.C.A. Fla.1965); Brown v. Householder, 134 So.2d 801, 2nd D.C.A. Fla.1961).
Affirmed.[1]
WALDEN, MAGER and DOWNEY, TT.. concur.

. In fairness to appellant’s new counsel of record, Douglas Lambeth, Esq., he did not represent the appellant in the trial court and he has in this court and in the Supreme Court striven with dedication to overcome the legal problem with the tools available.