327 So.2d 806 (1976)
V. Donald REBHOLZ and Joyce M. Rebholz, His Wife, Appellants,
v.
Picot B. FLOYD, in His Capacity As City Manager of the City of Clearwater, a Municipal Corporation, et al., Appellees.
No. 75-936.
District Court of Appeal of Florida, Second District.
February 13, 1976.
Rehearing Denied March 23, 1976.
*807 Jack S. Carey, of Carey & Harrison, St. Petersburg, for appellants.
John S. Wagstaff, of Phillips, McFarland, Gould & Korones, Clearwater, for appellees Floyd and Blanton.
Howard P. Ross, of Parker, Battaglia, Parker, Ross & Stolba, St. Petersburg, for appellee Fred Bullard Corp.
SCHEB, Judge.
This appeal presents the question of whether mandamus will lie upon petition of an affected property owner to compel municipal officials to enforce certain zoning requirements. The trial court declined to issue an alternative writ on grounds that a remedy against another party was available to petitioner. We reverse.
Appellants, petitioners before the trial court, are owners of an apartment unit in the Sand Key Club, a condominium subject to the zoning ordinances of the City of Clearwater. The respondents below are city manager and director of building respectively, and are charged with enforcement of the City's building and zoning ordinances. They, together with Fred Bullard Corporation, the developer of the condominium which intervened in the proceedings in the trial court, are appellees herein. Appellants alleged the developer caused various violations of density, set backs, and parking requirements, all contrary to specified provisions of the City's zoning code. Further, they alleged their efforts to have the appellees enforce the relevant provisions of the zoning ordinances have been unavailing. Contending these alleged violations affect their use and enjoyment of the property, appellants sought issuance of an alternative writ of mandamus by the trial court.
Appellees moved to dismiss the petition and after argument the trial judge determined:
... there is an adequate remedy at law against the developer Fred Bullard *808 Corporation and therefore mandamus does not lie accordingly (sic) the Motion to Dismiss is granted with leave to amend the complaint to make a claim against the Fred Bullard Corporation.
Appellants' motion for reconsideration was denied and this appeal followed.[1]
The petition, in alleging various violations, makes a clear case that the developer has "... removed 54 parking spaces from use by the residents of Sand Key Club Condominium #1 without approval by the City of Clearwater." Thus, at least to the extent of the off-street parking, the petition sets forth a clear violation of the City's ordinances.[2]
A writ of mandamus may be invoked to compel proper enforcement by public officials of zoning ordinances where acts of third parties adversely affect the rights of petitioners. City of Miami Beach v. Sunset Islands, Fla.App.3d 1968, 216 So.2d 509. See also, Annotation, Remedies to Compel Municipal Officials to Enforce Zoning Regulations, 35 A.L.R.2d 1135 (1954). Here the trial court's refusal to issue the alternative writ was based on the court's opinion that petitioner had another remedy, i.e., to file a complaint against Fred Bullard Corporation, the developer, which had allegedly caused the zoning violations by certain conveyances to Fred Bullard and his wife as individuals. The existence and adequacy of another remedy may be relevant to issuance of a peremptory writ.[3] However, the court's opinion that there was such a remedy was not a sufficient *809 ground to decline to issue an alternative writ. Here the relevant ordinance created a direct duty on the appellees. Thus, since the petitioner alleged a prima facie case, the trial court should have issued the alternative writ or at least an order to show cause why an alternative writ should not be granted. RCP 1.660(a); Trawick, Florida Practice and Procedure, § 36-4; Reedus v. Friedman, Fla.App.3d 1973, 287 So.2d 355. After response by the City and presentation to the trial court, the court can determine whether a clear duty has been established on the City to merit issuance of a peremptory writ. See McDaniel v. City of Lakeland, Fla.App.2d 1974, 304 So.2d 515.
The degree of discretion ordinarily vested in municipal officials in respect to their method and level of enforcement of zoning ordinances is delimited here since the City's governing body imposed a continuing affirmative duty on these officials to enforce the requirements which were imposed as prerequisites to the original zoning approval.[4] Further emphasis is supplied by the City's requirement that the developer furnish an attorney's opinion or other suitable evidence certifying to the ownership or control of such parking facilities as a prerequisite to approval of the project. Section 33.03(3), Code of Clearwater.
As part of the mechanics to secure approval of a plat of subdivided land, the developer ordinarily is required to assure the City of his title and to dedicate the required public accesses for roads, utilities, etc., to the general public. But here, the City is concerned with a more sophisticated type of development and these more complex regulations impose even greater responsibilities on the developer, e.g., plat plan, parking easements, etc. Of what avail are these zoning regulations concerning open space, density, set backs, parking, recreational areas, etc., unless the City requires continued compliance? The City cannot suffer such requirements to be nullified by subsequent actions which reduce or remove these required amenities from their intended beneficiaries. It therefore becomes apparent that the basic purpose of the City approval of the developer's plot plan showing the parking spaces required is to "tie down" the developer for benefit of the project, its owners, and of course the City generally. An owner adversely affected by violations of these requirements should be able to call upon the City to enforce its zoning regulations. And while the trial judge felt the petitioner had other adequate remedies, the existence and effectiveness of any such other remedy is not, from the petition, so apparent as to preclude issuance of the alternative writ.
Finding as we do that the relevant ordinances create a duty of enforcement on the appellees and that appellants' position sufficiently alleges a clear violation of city zoning regulations affecting their rights, we hold it was error for the court to dismiss the petition and thereby refuse to issue the alternative writ. We express no opinion as to whether ultimately petitioner will establish that the writ is well founded and will be entitled to a peremptory writ.
Reversed and remanded for further proceedings consistent with this opinion.
HOBSON, A.C.J., and STOKES, ROBERT G., Associate Judge, concur.
NOTES
[1] Appellees contend we do not have jurisdiction here because the appeal was taken from denial of appellants' motion for reconsideration, which appellees contend was a nonappealable order. However, we have previously held that an order dismissing a petition for a writ of mandamus is a final order. State v. Scofield, Fla.App.2d 1960, 120 So.2d 825. The timely filed petition for reconsideration, being in effect a petition for rehearing, stays the appeal time. Laytner v. Humble Oil & Refining Co., Fla. 1972, 262 So.2d 675. And although the appellants appealed from an order denying the motion for reconsideration, rather than the court's granting the motion to dismiss, the notice of appeal will be treated as being from the final judgment, absent a showing of prejudice to the appellees. Eggers v. Narron, Fla. 1970, 238 So.2d 72; DeLoache v. DeLoache, Fla. 1975, 274 So.2d 883; F.A.R. 3.2(c). Here all the necessary records on appeal are before this court and clearly demonstrate the trial court's action of which the appellants complain. Accordingly, there being no showing of prejudice to appellees, we reject the appellees' contention.
[2] Section 33.03 of the Code of the City of Clearwater (the zoning ordinance) provides in part:

"(1) A plot plan to scale showing the required off-street parking area shall be submitted with the building plans when application for a building permit is made. It shall show arrangement as well as adequate area for proper ingress and egress and shall be subject to approval by the building official.
(3) Area reserved for off-street parking or loading in accordance with the requirements of this section shall be permanent. There shall be furnished an attorney's opinion or other suitable evidence certifying to the ownership or control.
(4) Required off-street parking or loading area shall not be reduced or changed to any other use unless the permitted use which it serves is discontinued or modified, except where equivalent parking or loading space is provided to the satisfaction of the building official upon which evidence a parking lot occupancy permit will be issued.
(5) Parking spaces shall be reserved for the sole use of the occupants of the building or lot and the visitors thereto... ."
[3] While we have not been cited to any Florida cases on this point and our research has not disclosed any, an interesting observation on the question is stated in 52 Am.Jur.2d, Mandamus, § 49:

"To bar mandamus, the other remedy must not only be adequate in the general sense of the term, but also specific and appropriate to the circumstances of the particular case. It must be a remedy that will effectively afford relief upon the very subject matter involved and enforce the right or performance of the duty in question. It must be one to which the complaining party may at all times resort at his own option fully and freely, without let or hindrance, and which is available against the party from whom the duty is owing, as distinguished from one against a third person."
See also 55 C.J.S. Mandamus § 17 at n. 68.
[4] Section 34.04 of the Code of the City of Clearwater (the zoning ordinance) provides:

"It shall be the duty of the city building official to administer and enforce the provisions of this ordinance... ."
The definition section of the Code (Art. II, Definitions) provides:
"... the word `shall' is mandatory and not directory."