DOWNEY, Judge,
dissenting:
Unquestionably the appellant erred in failing to designate the judgment and sentence of April 28, 1975, in his notice of appeal. However, it is quite clear from the record that appellant intended all along to have the judgment and sentence of April 28, 1975, reviewed, together with the order of April 28, 1975, revoeating probation which was designated in the notice of appeal.
*886 In State ex rel. Poe v. Allen, 196 So.2d 745 (Fla.1967), the Supreme Court set out the significant factors for an Appellate Court to consider in determining whether a notice of appeal is adequate to vest jurisdiction in the appellate court where the notice erroneously designates the order appealed from. Those factors are:
“ . . . [Pjroper identification of the litigation in the notice, a clear intent to prosecute an effective appeal, specification of errors reviewable only upon appeal from the final judgment, presentation of a record sustaining such an appeal, and the absence of any record basis for genuine prejudice as a result of the defective notice.”
This resolution of the problem has been followed by the Supreme Court in De Loache v. De Loache, 274 So.2d 883 (Fla.1973), by this Court in Kucera v. Kucera, 330 So.2d 36 (Fla. 4th DCA 1975), and Davar Corp. v. Tropic Land Improvement Corp., 330 So.2d 482 (Fla. 4th DCA 1976), and the Second District Court of Appeal in Hanna v. American International Land Corporation, 289 So.2d 756 (Fla. 2d DCA 1974).
Here the notice of appeal properly identifies the litigation; it is evident appellant intended to present an effective appeal; one of the assignments of error is reviewable only upon appeal from the judgment and sentence; the record presented will sustain such an appeal; and any record basis for genuine prejudice as a result of the defective notice is absent. As to the latter factor appellee does not even complain of any defect in the notice of appeal, so obviously the State did not feel prejudiced by the inadvertent oversight.
Accordingly, I would consider the appeal on the merits. Having done so, I find no support in the record for appellant’s contentions except his assertion that the sentence of April 28, 1975, did not give him full credit for time served in jail prior to the sentence of April 28, 1975. Therefore, I would affirm the orders and judgments appealed from in all respects except as to the sentence and I would remand the cause to the trial court with instructions to give appellant full credit for all jail time which he served in conjunction with this criminal episode.