550 So.2d 1 (1989)
Patricia COBB and Reggie Cobb, Appellants,
v.
ST. JOSEPH'S HOSPITAL, INC., Michael A. Wasylik, M.D. and Michael A. Wasylik, M.D., P.A., Appellees.
No. 88-02739.
District Court of Appeal of Florida, Second District.
March 29, 1989.
John R. Feegel, Tampa, for appellants.
T. Paine Kelly, Jr., Tampa, for appellee St. Joseph's Hosp., Inc.; Ann O'Hern, Tampa, for appellee Wasylik.

ON MOTION TO AMEND NOTICE OF APPEAL
PER CURIAM.
Appellants sued St. Joseph's Hospital and Dr. Wasylik (both individually and as a P.A.). Both defendants moved for summary judgment. A final summary judgment was entered in favor of defendant hospital on July 8, 1988, and a separate final summary judgment was entered in favor of defendant Wasylik (individually and as a P.A.) on July 12, 1988. Both summary judgments were on the bases of the expiration of the statute of limitations. Appellants filed motions for rehearing directed to both summary judgments. Both rehearing motions were denied in one order, entered on August 31, 1988.
On September 29, 1988, appellants filed a notice of appeal, reading as follows:
NOTICE IS GIVEN that Patricia Cobb and Reggie Cobb, Plaintiffs/Appellants, appeal to the Second District Court of Appeal, State of Florida, the Final Summary Judgment entered by the Court on July 12, 1988, and the Order of the Court denying Plaintiffs/Appellants' Motion for Rehearing which was entered on August 31, 1988. The nature of the Order is a Final Order whereby Final Summary Judgment was entered on behalf of the Defendants on July 12, 1988, dismissing the Plaintiffs/Appellants' cause of action on a Statute of Limitations question.
On October 28, 1988, appellants filed an amended notice of appeal, adding a specific reference to the summary judgment of July *2 8 (in favor of the hospital). Appellants have also filed a companion motion to amend the notice, and the hospital has filed an objection and motion to strike the amended notice of appeal. The question we are faced with is whether the notice of appeal may be so amended to bring in the hospital's summary judgment after the time for filing a notice of appeal from the judgment has expired.
Although each party cites one case as controlling precedent, we find this case differs somewhat from each and, thus, is not completely controlled by either case. In Brown v. Winn Dixie Stores, Inc., 267 So.2d 78 (Fla. 1972), relied on by appellant, separate judgments were entered on the same day in favor of the two defendants and recorded on different minute book page numbers. The notice of appeal is not quoted verbatim in the Brown opinion but is described as follows: "The notice of appeal, filed October 1, 1971, referred only to the McArthur judgment and omitted a reference to the Minute Book entry of the Winn-Dixie judgment." Brown at 79. The Brown court, in holding the one notice of appeal sufficient as to both judgments, also pointed out two circumstances present in that case. First, the appellant's law firm had telephoned the office of the clerk of the circuit court to obtain the minute book page number where the final judgments were entered and were given the page number of the McArthur judgment but not the one in favor of Winn-Dixie. Second, assignments of error filed involved both judgments. Directions to the clerk and designations to the court reporter also involved both judgments. These were mailed to the attorneys for all defendants. Twenty-seven days later Winn-Dixie filed a motion to dismiss. Obviously, the Brown case involved elements of reliance on the clerk's office and estoppel against appellee's attorney not present in this case. But, beyond that the two judgments in Brown were entered on the same day and it is not clear from the opinion to what extent the deficiency in the notice of appeal was attributable to lack of the proper minute book entry. In contrast, the notice of appeal in the instant case specifically referred solely to the judgment of July 12, 1988, and there was only one judgment on that date.
Norm Burg Constr. Corp. v. Jupiter Inlet Corp., 514 So.2d 1102 (Fla. 1987), relied on by appellee hospital, also does not control here. In Norm Burg, as in this case, two judgments entered on different dates were involved and the notice of appeal only referred to one judgment. But unlike this case, one of the judgments was filed after the notice of appeal. Although there is language in Norm Burg which places some importance on the fact that the notice of appeal was only directed to one of the two separate independent judgments, the precise holding of that case is "an appeal taken from one final judgment cannot provide a basis for appellate review of a subsequently rendered, separate and independent final judgment [emphasis provided]." Norm Burg at 1107. The question remains, as in our case, whether such a notice would be effective as to an existing separate and independent final judgment.
The general test for sufficiency of a notice of appeal is whether the notice of appeal gives sufficient information to determine, with a reasonable degree of certainty, the order being appealed. See The Greyhound Corp. v. Carswell, 181 So.2d 638 (Fla. 1966). Thus, as recognized by the court in both Brown and Norm Burg, technical defects in notices of appeal which do not affect jurisdiction and do not mislead or prejudice parties, do not require dismissal of the appeal. However, we find the defect in this notice of appeal as it relates to defendant hospital more than technical and not sufficient to put the hospital on notice that its judgment was being appealed. The notice unambiguously referred to the order of July 12 which was further described as "a final order whereby final summary judgment was entered on behalf of the defendants on July 12, 1988... ." Because the July 12, 1988, order itself involved two defendants (Wasylik, M.D. and Wasylik, P.A.), referring to defendants in the plural did not create any ambiguity. The notice of appeal also referred to the date of the denial of rehearing, and although it is true that both rehearings were denied on the *3 same date, the notice only refers to the denial of a motion for rehearing, and this immediately follows referral to the July 12 summary judgment.
We think that litigants are entitled to rely on knowing that a judgment is final (and so govern their affairs accordingly) when the time for appeal has expired and no notice of appeal has even ambiguously been directed to that judgment. To allow a later amendment to the notice of appeal directed to another judgment and after the time for appeal has expired would subvert this reliance. Accordingly, we deny the motion to amend and strike the amended notice of appeal herein.
SCHEB, A.C.J., and HALL and ALTENBERND, JJ., concur.