813 So.2d 225 (2002)
Jessie HARDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-708.
District Court of Appeal of Florida, Second District.
April 3, 2002.
PARKER, Judge.
Jessie Harden appeals the trial court's order which denied his motion to correct sentence to reflect additional jail credit. We reverse and remand for further proceedings.
In circuit court case number 00-10542, Harden claims that he is entitled to 257 days' jail credit but that he was awarded only 205 days' credit. In circuit court case number 00-9702, Harden claims that he is also entitled to 257 days' jail credit but that he was awarded only 242 days' credit. The trial court denied the motion and attached numerous documents, including court documents, some jail documents, and a bonding agency's documents. However, none of these attachments clearly reflect the number of days Harden was confined in jail on either of the charges.[1]
We therefore reverse this case and remand it to the trial court with directions to attach documents which clearly reflect the jail credit to which Harden is entitled and any jail documents supporting its denial of Harden's motion. If the trial court is unable to do so, Harden is entitled to relief.
CASANUEVA and STRINGER, JJ., Concur.
NOTES
[1] In the past, trial court orders from the Thirteenth Judicial Circuit have included as an attachment the inmate's jail records which reflected the arrest date, any dates of release, and the commitment date to the Department of Corrections. Those jail records clearly reflected the time a defendant was confined in the Hillsborough County Jail. In this case, there is no such attachment. While the attachments in this case are sufficient to permit this court to make an educated guess that might support the trial court's order, educated guessing is not the function of this court.