COVINGTON, Judge.
Steven Cintron appeals the summary denial of his motion for jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Cintron filed his motion in three trial cases: 99-070038, 99-12279, and 99-14520. We affirm without comment the trial court’s summary denial of the motion in cases 99-070038 and 99-12279. However, we reverse and remand because the trial court failed to attach record documents that conclusively refute Cintron’s claim in case 99-14520.
It is undisputed that Cintron was in jail on case 99-14520 from August 17, 1999, to August 18, 1999, and from October 26, 2000, to the date of sentencing on March 19, 2001. In his motion, Cintron alleged that he was also in jail from August 9, 2000, to October 9, 2000. The trial court denied this claim and attached numerous documents that consisted primarily of calendar reports from the clerk of court. These documents do not clearly reflect the number of days Cintron was confined in jail on this case.
*1079 Recently this court issued an opinion in Harden v. State, 813 So.2d 225 (Fla. 2d DCA 2002), concerning the attachment of certain documents to orders denying jail credit. There we said that while these attachments allow us to make an educated guess about the defendant’s claim, “educated guessing is not the function of this court.” Harden, 813 So.2d at 225 n. 1. Despite the concerns expressed in Harden, documents continue to be provided that fail to show the dates of arrest, release, and commitment.
In this case, the trial court attached the documents in order to refute Cintron’s claim. However, we have examined the documents, and they appear to show that during the period for which Cintron seeks jail credit, the trial court denied a motion in case 99-14520 to set bond or to release Cintron on his own recognizance. Additionally, the clerk’s report seems to indicate that Cintron was incarcerated in a county jail during that period of time.
We therefore reverse and remand this case for further proceedings. If the trial court again denies this claim, the trial court must attach record documents that conclusively refute the claim. If the trial court cannot conclusively refute the claim, Cintron is entitled to relief.
Affirmed in part, reversed in part, and remanded.
FULMER and KELLY, JJ„ concur.