GREEN, Judge.
Jesse Harden appeals the summary denial of his motion for additional jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In his motion, Harden sought additional jail credit in trial cases 00-9702 and 00-10542. The trial court denied additional jail credit in one order that addressed both cases. Harden first appealed the trial court’s order in Harden v. State, 813 So.2d 225 (Fla. 2d DCA 2002). This court reversed and remanded for the trial court to attach documents that “clearly reflect the jail credit to which Harden is entitled and any jail documents supporting its denial of Harden’s motion.” Id. at 225. On remand, the trial court attached documents that show that Harden received the correct amount of jail credit in 00-9702 but did not address the issue of jail credit in 00-10542 because the trial court concluded that Harden never appealed 00-10542. The trial court erred in failing to follow this court’s mandate, but we affirm because record documents show that Harden is not entitled to additional jail credit.
Harden’s rule 3.800(a) motion, the trial court’s first order, and this court’s opinion in Harden all referenced both 00-9702 and 00-10542. Harden’s original notice of appeal clearly showed that he was appealing the trial court’s one order that denied additional jail credit in both cases; however, on the top of the notice of appeal, Harden wrote only 00-9702, not 00-10542. This omission was a technical defect that did not take away appellate jurisdiction because it did not mislead or prejudice parties and because the notice of appeal gave sufficient information to determine with reasonable certainty the order being appealed. See Cobb v. St. Joseph’s Hosp., Inc., 550 So.2d 1, 2 (Fla. 2d DCA 1989).
The trial court attached documents to its second order that show that Harden received the proper amount of jail credit for 00-10542. Because of these documents that conclusively show that Harden is not entitled to additional jail credit, we affirm.
Affirmed.
SILBERMAN and KELLY, JJ., Concur.