[L. A. No. 5293.   In Bank.—May 9, 1918.]

CHUNG SING, Respondent, v. SOUTHERN PACIFIC COMPANY (a Corporation), et al., Appellants; WILLIAM D. O'HARE, Respondent.

APPEAL—NOTICE OF APPEAL—MOTION TO DISMISS—MISNOMER OF ONE OF SEVERAL APPELLANTS.—The misnomer of one of several appellants in a notice of appeal does not require a dismissal of the appeal as to the others who are correctly named, when the judgment appealed from is otherwise sufficiently identified.

ID.—CLERICAL MISPRISION AS TO NAME OF ONE OF SEVERAL APPELLANTS.—Where it is perfectly apparent from the notice of appeal, when read in connection with the record, that the notice was filed on behalf of all defendants, three in number, and that the misnomer therein of one of the defendants was a mere clerical misprision which could not have misled the adverse party, the notice of appeal will not be held invalid as to the defendant as to whom the misnomer occurred.

ID.—DEFECTIVE UNDERTAKING ON APPEAL.—Where an appeal may be regarded as taken under sections 941a, 941b, and 941c of the Code of Civil Procedure, any question as to the validity of an undertaking

on appeal as a stay bond must be disregarded, for the reason that under those sections no undertaking is essential to the taking or maintenance of the appeal.

MOTION to dismiss an appeal from a judgment of the Superior Court of Los Angeles County. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Henry T. Gage, and W. I. Gilbert, for Appellants.

Waldo M. York, Harry M. Irwin, and William D. O'Hare, *in pro. per.*, for Respondents.

ANGELLOTTI, C. J.—This is a motion to dismiss an appeal from a judgment entered February 16, 1917, as well as from certain orders.

The principal grounds of the motion to dismiss the appeal are, first, that no notice of appeal was filed on behalf of defendant Blackburn within the time allowed by law, and, second, that the notice of appeal filed is insufficient as to any of the defendants, in that it does not sufficiently identify the judgment appealed from. Both of these alleged grounds are based on the fact that in the notice of appeal signed by the attorneys of all the defendants and filed within due time, April 10, 1917, it is stated that "the defendants, Southern Pacific Company, a corporation, C. A. Burton and H. W. Crumrine, hereby appeal from . . . that certain judgment, in favor of the plaintiff and against said defendants and each of them, entered on or about the 16th day of February, A. D. 1917, in book 407, page 4 of judgments," etc., and from an order entered March 30, 1917, reducing said judgment to thirteen thousand dollars. The name of the defendant Geo. W. Blackburn did not appear therein, the name "C. A. Burton" appearing in lieu thereof, owing to mistake and inadvertence. The superior court, after the time for appeal elapsed, made an order allowing the notice to be amended in this respect, upon a showing to its satisfaction of the mistake. It is claimed that the superior court had no power to allow such an amendment after the time for appeal had expired.

In so far as defendants Southern Pacific Company and H. W. Crumrine, who were originally and specifically named

in the notice of appeal, are concerned, there is no force in the claim that the appeal must be dismissed. It is perfectly plain, in view of the record, despite the misnomer of the other appellant, that the judgment referred to in the notice is the judgment in favor of Chung Sing and against said defendants and George W. Blackburn for eighteen thousand dollars, and costs, entered February 16, 1917, in book 407 of Judgments at page 4, and reduced by five thousand dollars by order entered March 30, 1917. In other words, the judgment attempted to be appealed from by these defendants was sufficiently identified by the notice.

As to defendant Blackburn a different question is presented, owing to the fact that in attempting to specifically name the defendants in the notice of appeal another name was substituted for his, with the result that his name did not appear at all. Was there any notice of appeal filed on his behalf within the time allowed by law? We are of the opinion that this question should be answered in the affirmative. The verdict and judgment in the cause were against the Southern Pacific Company, Geo. W. Blackburn, and H. W. Crumrine only, all of whom were represented in the action by the same attorneys. There was no verdict or judgment against any one named Burton. The notice of appeal also refers to an order of the superior court made and entered September 12, 1916, granting in part and denying in part "*said* defendants' motion for new trial." The record shows that said motion was made by the Southern Pacific Company, H. W. Crumrine, and Geo. W. Blackburn only, and that no one named Burton was involved therein. It also refers to the order of March 30, 1917, reducing the judgment from eighteen thousand dollars to thirteen thousand dollars, which the record shows was an order making such reduction in favor of the company, Blackburn, and Crumrine, only, and declaring that the judgment should be for thirteen thousand dollars, and costs as against each of them. No one named Burton was involved therein. An undertaking on appeal filed on the day the notice of appeal was served states that the appeal is by defendants Southern Pacific Company, Geo. W. Blackburn, and H. W. Crumrine. It seems perfectly apparent from the notice, when read in connection with the record, that such notice was filed on behalf of the three defendants against whom the judgment runs, and that the use of the name "C. A.

Burton" instead of "George W. Blackburn" to designate one of the appellants was solely due to inadvertence—a mere clerical misprision.  One of the three defendants against whom the judgment runs and on whose behalf it was desired to appeal was designated as "C. A. Burton" instead of "George W. Blackburn."  The record demonstrates this, and the adverse party could not have been misled thereby.  Under these circumstances we are satisfied it should not be held that no notice of appeal was filed by Blackburn.  We say this entirely regardless of the order of the superior court allowing the notice of appeal to be amended in this regard.

It is urged that the undertaking on appeal is fatally defective.  We are not on this motion concerned with any question as to the validity of this bond as a stay bond.  It is, therefore, unnecessary to determine whether the objection to the bond is well based.  The appeal *may* be regarded as taken under sections 941a, 941b, and 941c of the Code of Civil Procedure, and this being so, any defect in the undertaking must be disregarded, for the reason that under those sections no undertaking is essential to the taking or maintenance of the appeal.  (*Theisen* v. *Matthai*, 165 Cal. 252, [131 Pac. 747].  See, also, *Estate of Stough*, 173 Cal. 640, [161 Pac. 1].)  The amendments to our codes in 1915 made no change in our law in this respect.

The motion is denied.

Sloss, J., Wilbur, J., Richards, J., *pro tem.*, Melvin, J., and Victor E. Shaw, J., *pro tem.*, concurred.