[Sac. No. 3896.   Department One.—February 4, 1929.]

A. B. RATTO et al., Copartners, etc., Appellants, v. W. A. YOUNIE et al., Respondents.

R. M. Hardy for Appellants.

N. J. Barry and Hardin Barry for Respondents.

CURTIS, J.—Action brought to recover the balance claimed to be due plaintiffs upon a contract for the construction of a business block in the city of Susanville, county of Lassen, and to foreclose a contractor's lien against the premises upon which the building is located for the amount found to be due.   Plaintiffs sought also to establish the priority of their lien over a mortgage lien held by the defendant, the Lassen Industrial Bank, against said real property.   The trial court gave judgment in plaintiffs' favor in the sum of $3,325.03 against the defendant W. A. Younie and decreed

that they were entitled to a lien for that amount against said real property, but held that their lien was subsequent and subject to the lien of the defendant, the Lassen Industrial Bank. Plaintiffs concede the correctness of said judgment in so far as it establishes the priority of the lien of said bank over their own lien, but are dissatisfied with the amount awarded them in the judgment against the defendant Younie. They have appealed therefore from that portion of the judgment awarding them judgment against the defendant Younie in the sum of $3,325.03.

Plaintiffs contend that they constructed said building under a contract with Younie whereby they were to be paid the actual cost of all labor and materials furnished in the erection of said structure and in addition thereto fifteen per cent of the actual cost of said labor and materials, in payment of their services for supervising and directing the construction of said building. On the other hand, the defendant Younie contends that prior to the erection of said building he entered into a contract with the plaintiffs whereby they agreed to construct said building for the sum of $45,000. The court found for the defendant upon this issue, and that said building was constructed under said contract; that extras in the amount of $7,792.38 had been furnished by the plaintiffs and that defendant had paid plaintiffs the sum of $49,467.35, leaving a balance due plaintiffs in the sum of $3,325.03.

Plaintiffs now contend, as they contended before the trial court, that they are entitled to recover upon their contract as pleaded in their amended complaint or upon what is frequently referred to as a "cost-plus contract," rather than upon a contract for a stated or agreed amount. The contract between the parties was verbal, and as might be expected, the evidence offered by the respective parties to establish the same was contradictory in the extreme. There was positive and substantial evidence given by Younie, and corroborated by apparently reliable and disinterested witnesses, that the building was to be constructed by the plaintiffs for an agreed price of $45,000. Therefore, the finding of the court as to the character of the contract under which the building was constructed cannot be disturbed by this court.

■ It is further contended by the plaintiffs that the evidence shows, even if the original contract between the parties was for the construction of the building at a fixed amount, that the building as finally erected and completed was so radically different from the one originally contracted for, and deviated so materially from the plans and specifications originally agreed upon by the parties, that the plaintiffs were warranted in disregarding the original contract, and may recover upon an implied contract for the labor and materials furnished in the erection of the building. This contention, we think, is fully answered by the findings of the court. After finding that the parties entered into a contract for the construction of a building at an agreed price of $45,000, the trial court then found that said building was thereafter constructed under said contract. It then proceeded to find the nature of the extras furnished by the plaintiffs and the value of each extra so furnished. This finding of the court that the building was constructed under a contract, fixing the contract price thereof, would preclude this court from holding that the evidence shows that the contract was so far deviated from as to justify the plaintiffs in disregarding it and suing on a *quantum meruit*. Besides, as just stated, the court found the extent and nature of the extras furnished by the plaintiffs. These extras would denote the changes and deviations made from the original plans and specifications of the building. Without setting them out here in detail we do not think that they to the least extent justify the claim of the plaintiffs that the building as finally erected and completed was radically different from the one originally agreed upon or that it deviated in any substantial respect from the building delineated in the plans and specifications which the parties adopted at or immediately after they entered into their contract. The authorities cited by plaintiffs in support of this last-mentioned contention no doubt contain a correct statement of the law considered therein, but they are not applicable to any state of facts in the present action. Particularly is this true regarding the case of *San Francisco Bridge Co.* v. *Dumbarton L. & I. Co.*, 119 Cal. 272 [51 Pac. 335], which plaintiffs contend announces the rule that where the owner does some act amounting to a rescission of the con-

tract, he cannot set up the original contract to defeat the contractor's action for value of labor and materials furnished. As already intimated, there is nothing in the evidence in the present action which even tends to show that the defendant Younie had committed any act amounting to a rescission of the contract.

The judgment is affirmed.

Preston, J., and Seawell, J., concurred.