[Civ. No. 5670.   Third Appellate District.—December 17, 1936.]

A. D. POGGETTO, Appellant, v. LOGAN BOWEN, Respondent.

Hadsell, Sweet, Ingalls & Lamb for Appellant.

T. B. Scott for Respondent.

PULLEN, P. J.—This is an action on a promissory note. The defense was lack of consideration and the finding of the trial court upheld defendant in that contention. Respondent also moves to dismiss the appeal upon grounds which will be considered later.

Defendant was a fruitgrower and farmer in Stanislaus County and a director of the California Canning Peach Growers Association. Plaintiff was manager of that association for several years prior to 1935.

Together they leased a peach orchard in 1929, agreeing verbally between themselves that defendant was to furnish the machinery and equipment for the producing of the crop and that plaintiff was to pay for all labor, the profits to be equally divided between them. Differences arose between plaintiff and defendant, plaintiff claiming that he had advanced to defendant money other than for labor and defendant claiming all money he received from plaintiff was for labor and was paid out by him for payment of labor claims. During the course of one of these discussions plaintiff presented to defendant the promissory note here sued upon which defendant thereupon signed, he testifying that he knew a court would eventually be called upon to decide whether he owed plaintiff any money and he thought he would not have any greater obligation after signing the note than before and for that reason he signed the same.

The question here presented is, Was there consideration for the note? We believe there was. By accepting a ninety-day note, plaintiff was precluded from bringing an action within that time. In other words, he postponed a present right of action to a future day and surrendered any claim he might have had to an amount in excess of the face of the note. The defendant gained in that there was a

possibility that plaintiff might have recovered an amount greater than the face of the note, and that the stipulated interest was less than the legal rate; also defendant gained time as no suit could be maintained until maturity of the note. Good consideration is defined in the Civil Code, section 1605, as:

"Any benefit conferred or agreed to be conferred upon the promisor, by any person, to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor."

With that definition in mind, it appears that there was sufficient consideration for the note. There being some consideration, the law will not attempt to measure the amount thereof. (*Whelan* v. *Swain*, 132 Cal. 389 [64 Pac. 560].) ▮ Also the forbearance to sue is alone sufficient to constitute a good and valuable consideration (*Lincoln Holding Corp.* v. *Levering*, 219 Cal. 427 [27 Pac. (2d) 74]), as is also the compromise of a doubtful claim asserted and maintained in good faith. (*Murray Showcase etc. Co.* v. *Sullivan*, 15 Cal. App. 475 [115 Pac. 259]; *San Francisco Mercantile Union* v. *Muller*, 18 Cal. App. 174 [122 Pac. 828].) It seems to us from the testimony of defendant himself that the note was given and received to settle a controversy which constitutes a sufficient consideration.

▮ In opposition to the appeal itself it is claimed by the respondent that the appeal attempted to be taken in this matter is defective and this court has no jurisdiction to consider it. Notice of entry of judgment was served upon plaintiff on January 28, 1936. On February 3d he filed and served a notice of appeal in which it was recited: "You are hereby notified that the defendant in the above entitled action hereby appeals . . . " which was signed by counsel as "attorneys for plaintiff"; also at the same time there was filed with the clerk a notice to prepare the record on appeal under section 953a of the Code of Civil Procedure, wherein the same mistake was made as in the body of the notice, that is, the word "defendant" was used instead of "plaintiff", but counsel were properly designated as "attorneys for plaintiff". After these notices had been filed and after the clerk had prepared the transcript and the

same was ready to be filed, the error in the use of the word "defendant" was discovered and an amended notice was served and filed on February 26, 1936. Thereafter defendant filed a notice of motion to dismiss the appeal.

We are of the opinion that, inasmuch as no one was misled by the error, and the intention of appellant was clearly apparent to everyone concerned, the defect cannot be taken seriously. There was but one plaintiff and one defendant and but a single judgment was entered. In *Harrelson* v. *Miller & Lux Inc.*, 182 Cal. 408 [188 Pac. 800], it is said:

"Notices of appeal are not strictly construed, and an appeal will not be dismissed because of a misdescription of the judgment or order to which it relates unless it appears that the respondent has been misled by such misdescription."

Somewhat similar notices as the one here under consideration have been at various times before the reviewing courts. In *Ferry* v. *North Pacific Stages*, 112 Cal. App. 348 [296 Pac. 679], among the several defendants were North Pacific Stages, a corporation, and Seattle-Portland-San Francisco Auto Stage Company, a corporation. In attempting to take an appeal on behalf of Seattle-Portland-San Francisco Auto Stage Company, the notice referred to North Pacific Stages. The court held the appeal was not fatally defective as there was no doubt regarding the identity of the specific order from which the appeal was taken and respondent could not have been misled or deceived thereby. A similar situation existed in *Chung Sing* v. *Southern Pac. Co.*, 178 Cal. 261 [172 Pac. 1103]. In *Lewis* v. *Lambros*, 65 Mont. 366 [211 Pac. 212], the designation of plaintiff and defendant was interchanged. The court said:

"To refuse to determine this case upon the merits by reason of the technicality pointed out would give such a technical objection a force and effect far beyond all reasonable grounds. The motion to dismiss the appeal is therefore without substantial merit."

Also in point are *Lynch* v. *Coe*, 206 Cal. 422 [264 Pac. 747], and *Wiberg* v. *Barnum*, 99 Cal. App. 323 [278 Pac. 871].

It therefore appears that defendant could not have misunderstood the notice of appeal, and as to the notice to

the clerk the complete answer to that is that the clerk did make up the proper record and it is now before us.

As to the finding, however, that there was a lack of consideration of the promissory note sued upon, we believe the trial court was in error.

The judgment is, therefore, reversed and the trial court instructed to enter findings and conclusions of law in accordance with the foregoing and to fix a reasonable attorneys' fee for plaintiff herein, each party to bear his own costs of this appeal.

Plummer, J., and Thompson, J., concurred.