O’CONNELL, Justice.
Respondents Burdges and Watson, in separate common law actions, sued the relator Dedmon for damages arising out of the same automobile accident. The two actions were consolidated for trial and on motion summary judgment was entered against both plaintiffs-respondents in favor of the defendant-relator.
Burdges and Watson, who were represented by the same firm of attorneys, filed timely notices of appeal to the District Court of Appeal, First District, in which each sought review of the summary judgment entered against him.
While the notices of appeal were properly styled, correctly identified the judgment sought to be reviewed and were otherwise sufficient, each stated that “Defendant, Jimmy Dedmon” was the party appealing and in each the attorneys for Burdges and Watson, who were plaintiffs, signed the notices as “Attorneys for Defendant.”
There is dispute as to whether copies of the notices of appeal were served on the attorneys for Dedmon. In their brief filed here his attorneys state that the notices were never served on them, while the attorneys for Burdges and Watson state the notices were served within forty-five days after entry of the summary final judgment. The transcripts of the record forwarded by the district court of appeal contain the notices of appeal but no certificate of service thereof was included.
After filing of the notices of appeal Burd-ges and Watson filed their assignments of error and served copies on Dedmon’s attorneys. In these documents Burdges and Watson were properly designated as appellants, Dedmon was designated as appellee, and the attorneys signing were properly designated as attorneys for appellants.
It appears that the parties, through their counsel, then stipulated that an order be entered extending the time for filing briefs, and such an order was entered.
Thereafter, Burdges and Watson filed their briefs, serving copies on Dedmon’s attorneys. In these briefs the parties and attorneys were cast in their proper roles.
Subsequently, and more than 60 days from the date of entry of the orders appealed, Dedmon’s attorneys filed motions to dismiss the two appeals. Each of these motions was based on the ground that Ded-mon was the one benefiting from these judgments and the notices of appeal were signed by an attorney other than his.
The appellate court, the District Court of Appeal, First District, the judges of *7 which are respondents here, entered its order denying the motions to dismiss. 145 So.2d 564. In this order the court stated, at p. 564:
“Technically, of course, the notice of appeal is defective in naming the wrong party as the one taking the appeal. On the other hand, from the moment of the filing of the notice, it was perfectly obvious to all concerned that the appeal was really taken by the plaintiff, and all appeal papers subsequently filed correctly stated the parties’ names. It is clear from the record that no prejudice or inconvenience resulted to either party from this error in the notice. The error was patently an inadvertent misprision, a clerical error, a kind that occasionally creeps into papers prepared in a law office.”
The court then concluded that since the purpose of the procedural rules was to effect a proper administration of justice under law, and in light of the peculiar circumstances of the case, the better procedure would be to deny the motions so that the plaintiff would not be deprived of a judicial appellate review. It thus refused to strictly apply the rules.
Dedmon petitioned for a rehearing. Therein he reasserted the arguments contained in his motions to dismiss and argued that the denial of the motions constituted a conflict with this Court’s decision in State ex rel. Diamond Berk Ins. Agency v. Carroll, Fla.1958, 102 So.2d 129, wherein it was ruled that a timely and proper filing of notice of appeal is a jurisdictional essential to enable an appellate court to exercise its power.
The petition for rehearing referred to the district court of appeal’s comment in its order to the effect from the moment of the filing of the notices of appeal it was perfectly obvious to all concerned that the appeals actually were taken by the plaintiffs and argued that this was not applicable in this case since no service of the notices was made on Dedmon. Thus, the issue of lack of service of the notices of appeal was raised for the first time in this petition.
This petition for rehearing was denied without opinion.
Dedmon then filed his suggestion for writ of prohibition in each case, we issued the rule nisi, respondents filed returns and Dedmon has replied thereto.
The two causes, being identical, will be treated and decided in this one opinion.
The first issue here raised relates to the alleged lack of service of the notices of appeal which, as we have noted above, is in dispute.
F.A.R. 3.4(b) (5), 31 F.S.A., requires that a copy of the notice of appeal be served on the opposing parties. In passing, it is interesting to note that this requirement of service is found in this rule, since it might be expected to appear in F.A.R. 3.2.
However, we know of no provision of the Rules or of any decisions which hold the alleged lack of service to be jurisdictional. While lack of service, on proper showing, may subject the offender to some penalty, or even dismissal, under F.A.R. 3.17, it is not a ground for prohibition. F.A.R. 3.2 (d) clearly provides that jurisdiction is accomplished by the filing of the notice of appeal in the trial court and payment of the required fee.
While it is not necessary to our decision on this point we do observe that Dedmon did not raise this issue in his motion to dismiss and thus might well be said to have waived it.
The other issue to be decided is whether the notices were sufficient to convey jurisdiction to the district court. That court held they were; Dedmon as relator here says they were not.
Dedmon contends that the notices of appeal were invalid because they do not conform to F.A.R. 3.2. He argues that as *8 drawn and filed the notices cannot he considered as being properly filed in accordance with the rules, since they indicate that he, the successful party, is appealing an order wholly favorable to him and they are signed by one who is not his attorney. In support of his position he cites the case of State ex rel. Diamond Berk Ins. Agency v. Carrol, 102 So.2d 129, supra, where this court, in a case in which the notice of appeal was filed in the appellate rather than the trial court, ruled that an appellate court is without power to exercise its jurisdiction unless the notice of appeal is filed within the time and in the manner prescribed by the rules.
Burdges and Watson contend that the notices of appeal were sufficient to effect their purpose and that the district court was correct in denying the motions to dismiss under this Court’s decision in Seaboard Air Line Railroad Co. v. Holt, Fla.1955, 80 So.2d 354. In the Seaboard case the notice failed to correctly state where the final judgment sought to be reviewed was recorded and did not give the correct date of the judgment.
Neither of the above cited cases are factually similar to this one, and we find no case decided by the appellate courts of this state dealing with similar deficiencies in a notice of appeal.
Similar questions have been decided by other courts. In each case those courts have held the notice sufficient where the mistake did not mislead or prejudice the appellee.
In Wolff v. Hubert, 1922, 200 App.Div. 124, 192 N.Y.S. 801, the plaintiff filed a notice of appeal which erroneously stated that defendant was the appellant. The notice was signed by counsel for plaintiff, as in this case. In holding the notice sufficient the court said the mistake did not mislead the defendant to his prejudice.
In Kitchenmaster v. Mutual Automobile Ins. Co. of Town of Herman, 1946, 248 Wis. 335, 21 N.W.2d 727, the plaintiff filed a notice of appeal which stated the defendant was appellant. The notice was signed by plaintiff’s counsel as attorney for plaintiff. The court held the notice to be good, saying that the name of defendant was. obviously inserted as appellant by mistake, through a clerical error, and that considering the entire notice it was apparent that it was the plaintiff, not defendant, who was appealing.
In Poggetto v. Bowen, 1936, 18 Cal.App. 2d 173, 63 P.2d 857, 858, the plaintiff filed a notice of appeal, signed by counsel as attorneys for plaintiff, which notice stated defendant was appealing. The court held that- since no one was misled by the error and that it was clear that plaintiff intended to appeal, the defect could not be taken seriously. The court said “There was but one plaintiff and one defendant and but a single judgment was entered.”
In Lewis v. Lambros, 1922, 65 Mont. 366, 211 P. 212, the defendant filed a notice of appeal in which the designations of defendant and plaintiff were interchanged, as in this case. The court denied a motion to dismiss, saying that the issue was highly technical and it could not see how plaintiff had been prejudiced or misled.
All of these cases seem to use as a test of sufficiency the question of whether the parties were misled or prejudiced in the appellate proceedings. We think this test a reasonable one provided “ * * * the notice of appeal gives to an adverse party and to the appellate court information by the use of which the order or judgment intended to be appealed can be discovered in the record with a reasonable degree of certainty * * as we said it must in the Seaboard case. 80 So.2d 354, supra, at p. 359.
In this case, however, the adequacy of the notice to apprise the appellate court and the adverse party of the judgment sought to be reviewed is not in issue. It is the improper designation of Dedmon, the successful defendant, as appellant which Ded-mon here contends prevents the notice from *9 being in substantial compliance with the rule. Therefore, the test of substantial compliance to be used in a case such as this is whether the complaining party was misled or prejudiced by the mistake.
As stated by the district court of appeal, this defect in the notices resulted in no inconvenience or prejudice to Dedmon. The error in interchanging and misstating the position of the parties was apparent on the face of the record. The error was clear to Dedmon for he and his counsel knew he was not appealing- the judgment in his favor. It was obvious that Burdges and Watson, respectively, were appealing in each case. There was only one plaintiff and one defendant in each case. All papers filed subsequent to the notices properly identified the position of the parties. The action of Dedmon’s attorneys in stipulating for the entry of the order extending time for filing briefs indicates clearly that they were not in doubt that the plaintiff had taken the appeal in each case.
We agree with the district court that the defects were not jurisdictional, Dedmon was neither misled nor prejudiced thereby, and that the notices of appeal were sufficient to effectuate their purpose.
As we said in the Seaboard case this Court is of the view “that statutes [and rules] giving a right of appeal should be liberally construed in the interest of manifest justice.” 80 So.2d 354, supra, at p. 357. We have followed this view in this case.
The fact that this liberality practiced by the district court and this Court has in this instance preserved the right of appeal to the appellant-respondents should not in anywise encourage the lack of attention, or negligence, of counsel in preparation of notices of appeal. Such notices are the simplest yet by far the most important of all documents which are necessary in an appeal. No lawyer should draw one without rereading the applicable rule and should never file one without carefully reading and checking the notice.
' For the reasons above stated the rule nisi in each of the two cases here involved is discharged and these causes are dismissed.
ROBERTS, C. J., and DREW, THOR-NAL, and CALDWELL, TT., concur.