# IN THE SUPREME COURT OF CALIFORNIA

K.J., a Minor, etc., et al.,
Plaintiffs,

v.

LOS ANGELES UNIFIED SCHOOL DISTRICT et al.,
Defendants and Respondents;
LUIS A. CARRILLO,
Objector and Appellant.

S241057

Second Appellate District, Division Three
B269864

Los Angeles County Superior Court
BC505356

January 30, 2020

Justice Groban authored the opinion of the Court, in which
Chief Justice Cantil-Sakauye and Justices Chin, Corrigan, Liu,
Cuéllar, and Kruger concurred.

# K.J. v. LOS ANGELES UNIFIED SCHOOL DISTRICT

S241057

Opinion of the Court by Groban, J.

This case presents a narrow question of procedural law: Does a Court of Appeal have jurisdiction to review an order directing an attorney to pay sanctions when the notice of appeal identifies the attorney's client as the appealing party, but other indicia make clear that the attorney was the party seeking review? The Court of Appeal dismissed the appeal, concluding that the attorney's client lacked standing to challenge the sanctions order and that the notice of appeal could not be liberally construed to include the omitted attorney.

We reverse the Court of Appeal's dismissal and hold that, when it is clear from the record that the omitted attorney intended to participate in the appeal and the respondent was not misled or prejudiced by the omission, the rule of liberal construction compels that the notice be construed to include the omitted attorney. We further conclude that test is satisfied here based on the following: (1) the notice of appeal expressly designated the sanctions order as the sole order or judgment at issue in the appeal; (2) the challenged order only imposed sanctions against the attorney and had no effect on the rights of the client; (3) during the trial court proceedings, the attorney engaged in substantial litigation regarding the sanctions motions that focused exclusively on whether the court had authority to discipline him; and (4) the adverse party, Los Angeles Unified School District, did not assert that it was misled

1

or prejudiced from the notice's failure to reference the attorney as an appealing party.

## I. BACKGROUND

### A. Trial Court Proceedings

Attorney Luis Carrillo represented K.J., a minor, in a negligence action against the Los Angeles Unified School District and district personnel (collectively LAUSD) arising from a sexual assault that occurred on LAUSD property. During the litigation, LAUSD filed an application for sanctions asserting that Carrillo had willfully obstructed a court-ordered psychiatric examination of K.J. by directing the examiner not to ask questions about the details of the assault. LAUSD contended that Carrillo's conduct directly violated a prior discovery order in which the trial court had declined to place any such limitations on the examiner.

After issuing an order to show cause and holding an evidentiary hearing, the trial court entered an order of contempt finding Carrillo guilty of willfully disobeying the prior discovery order. The court ordered Carrillo to serve 24 hours in county jail and to pay a $750 fine. The court's order also invited LAUSD to file a supplemental application to recover the fees and costs it had expended in litigating the sanctions motion and the contempt proceedings. Carrillo filed a petition for a writ of habeas corpus in the Court of Appeal challenging the contempt order. On October 26, 2015, the Court of Appeal issued an order staying the order of contempt.

While the stay was in effect, LAUSD filed its supplemental application, which sought $100,000 in sanctions from Carrillo and his law firm. The requested sanctions included $52,247 in fees and costs that LAUSD had incurred in litigating the

original application for sanctions and an additional $47,752 penalty to "deter future misconduct."

At the hearing on the supplemental application, the court informed the parties that it intended to order Carrillo to pay discovery sanctions totaling $16,111. K.J.'s cocounsel, John Henrichs, argued that the Court of Appeal's stay of the contempt order barred the trial court from entering any further sanctions against Carrillo. In response, the trial court explained that it was not "looking at this as contempt sanctions. I mean, it's arising out [of] that incident and it came up in connection with a contempt hearing, but it's really a motion for interference with [the] discovery process. [¶] . . . [¶] So, this particular decision will stand, in my view, regardless of what the appellate decision is. [¶] . . . [¶] There is no penal component on this award." On December 1, 2015, the trial court entered an order directing "Luis A. Carrillo, individually, and/or the Law Offices of Luis A. Carrillo, jointly and severally" to pay $16,111 to LAUSD. The order pertained only to Carrillo; it had no effect on K.J.

Several weeks after the order was filed, the Court of Appeal issued a "suggestive *Palma* notice" (see *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1238; *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171), informing the trial court that there was insufficient evidence to find Carrillo had willfully disobeyed the discovery order, and that it intended to issue a peremptory writ of mandate compelling the trial court to enter a new order finding Carrillo not guilty of contempt.

In response to the *Palma* notice, the trial court vacated its contempt order and issued a new order finding Carrillo not guilty of willfully disobeying the prior discovery order. The

court's order clarified, however, that the "new order [did not] . . . reverse or change the Court's previous order, dated December 1, 2015, awarding sanctions totaling $16,111.00 to LAUSD, based upon its finding that [Carrillo] had violated discovery statutes . . . ."

On January 26, 2016, attorney Mark Allen filed a notice of appeal using Judicial Council form APP-002. In the caption area of the standard form, Allen identified himself as K.J.'s attorney, and incorporated the same case title that was used in the trial court, "K.J., a minor through her guardian ad litem, . . . v. Los Angeles Unified School District." Section one of the notice stated: "1. NOTICE IS HEREBY GIVEN THAT . . . K.J., a minor through her guardian ad litem, . . . appeals from the . . . order in this case, which was entered on . . . December 1, 2015[.]" In a preprinted list that allows the appellant to designate the type of judgment or order being appealed from, a box was checked indicating an appeal of an order pursuant to "Code of Civil Procedure section 904.1(a)(3)–(13)."[1] Allen signed the notice, which contained no reference to Carrillo.

## B. The Court of Appeal's Dismissal of the Appeal

### 1. The parties' contentions on appeal

The appellant's opening brief argued that the trial court's sanctions order should be reversed for two reasons. First, appellant contended the Court of Appeal's stay of the contempt

---

[1] Code of Civil Procedure section 904.1, subdivision (a)(11), authorizes an appeal "from an interlocutory judgment directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds [$5,000]." Both parties acknowledge that the sanctions order at issue in this case is appealable under subdivision (a)(11).

order had divested the trial court of authority to issue the subsequent sanctions order. In support, appellant noted that the contempt order included language inviting LAUSD to seek the very fees and costs the court had awarded in its subsequent sanctions order. Second, appellant argued that once the trial court had vacated its contempt order, it had no basis to direct the payment of further sanctions based on the same conduct that was at issue in the contempt proceedings.

In its respondent's brief, LAUSD argued for the first time that the appeal should be dismissed based on K.J.'s "obvious lack of standing" to challenge an order that only imposed sanctions against Carrillo. LAUSD did not address whether the notice of appeal could or should be construed to include Carrillo. LAUSD's brief also responded to the merits arguments raised in the opening brief, contending that the Court of Appeal's stay of the contempt order did not preclude the trial court from entering a separate sanctions order for discovery violations.

Appellant's reply brief did not dispute that K.J. lacked standing to challenge the sanctions order. The brief asserted, however, that in furtherance of the "strong policy in favor of hearing appeals on their merits," the notice of appeal should be liberally construed to include Carrillo as an intended party to the appeal. The brief contended that because the notice sought review of an order that directed only Carrillo to pay sanctions, it was clear that Carrillo was the intended "underlying litigant."

### 2. The Court of Appeal's ruling

The Court of Appeal dismissed the appeal for lack of jurisdiction. Citing *Calhoun v. Vallejo City Unified School Dist.* (1993) 20 Cal.App.4th 39 (*Calhoun*) and *People v. Indiana Lumbermens Mutual Ins. Co.* (2014) 226 Cal.App.4th 1 (*Indiana*

*Lumbermens*), the court held that when a sanctions order is entered against an attorney, the right of appeal is vested " 'in [the attorney], not [the attorney's client]. . . . Absent any attempted appeal by the sanctioned party, the sanction ruling is not . . . reviewable.' " (Quoting *Calhoun,* at p. 42.) The court also rejected K.J.'s assertion that the notice of appeal should be construed to include Carrillo, explaining that the liberal construction requirement could not be "stretch[ed] . . . so far as to deem a notice of appeal to include an unnamed party."

Carrillo filed a petition for review seeking resolution of the following question: Does the Court of Appeal lack jurisdiction to review an order imposing sanctions on an attorney when the notice of appeal is brought in the name of the client rather than the attorney, or does the liberal construction requirement set forth in California Rules of Court, rule 8.100(a)(2) permit the court to construe the notice to include the omitted attorney?

## II. DISCUSSION

"[T]he timely filing of an appropriate notice of appeal or its legal equivalent is an absolute prerequisite to the exercise of appellate jurisdiction." (*Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 670 (*Hollister*).) The parties dispute whether Carrillo satisfied that jurisdictional requirement here given that the notice of appeal listed only K.J. as the appealing party. Carrillo argues that, contrary to the Court of Appeal's holding, the rule of liberal construction permits a reviewing court to construe a notice of appeal from a sanctions order to include a sanctioned attorney who is not referenced in the notice. LAUSD disagrees, contending the Court of Appeal correctly concluded it had no authority to read an unnamed party into the notice.

## A. Summary of the Rules Governing the Notice of Appeal

California Rules of Court, rule 8.100(a)(1)[2] requires that, "[t]o appeal from a superior court judgment or an appealable order of a superior court, . . . an appellant must serve and file a notice of appeal in that superior court."  Rule 8.100(a)(2) further provides that "[t]he notice of appeal must be liberally construed. The notice is sufficient if it identifies the particular judgment or order being appealed."  In an article describing the purpose and scope of the original Rules on Appeal, which became effective on July 1, 1943 and contained a provision that is essentially identical to current rule 8.100(a)(2) (see former rule 1(a)), the rules' drafter, B.E. Witkin, explained that the Judicial Council had chosen not to impose any further "requirements . . . as to the contents of the notice . . . on the ground that . . . this basic, jurisdictional notice should be simple, to make it relatively immune from attack on technical grounds."  (Witkin, *New California Rules on Appeal* (1944) 17 So.Cal. L.Rev. 79, 83 (hereafter *New California Rules on Appeal*).)

Rule 8.100(a)(2)'s liberal construction requirement reflects the long-standing " 'law of this state that notices of appeal are to be liberally construed so as to protect the right of appeal if it is reasonably clear what [the] appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced.' "  (*In re Joshua S.* (2007) 41 Cal.4th 261, 272; see *Luz v. Lopes* (1960) 55 Cal.2d 54, 59.)  The rule is intended to "implement the strong public policy favoring the hearing of appeals on the merits."  (*Norco Delivery Service,*

---

[2]    All further references to rules are to the California Rules of Court.

*Inc. v. Owens-Corning Fiberglas, Inc.* (1998) 64 Cal.App.4th 955, 960; see *Glassco v. El Sereno Country Club, Inc.* (1932) 217 Cal. 90, 92 ["notices of appeal are to be liberally construed with a view to hearing causes on their merits"]; *Kellett v. Marvel* (1936) 6 Cal.2d 464, 471 ["notices of appeal are liberally construed to preserve the right of review unless it appears that the respondent has been misled"].)

Considered together, rules 8.100(a)(1) and 8.100(a)(2) reflect the different standards that govern the filing of the notice of appeal versus the content of the notice with respect to appellate jurisdiction:  While the timely filing of a notice of appeal is an absolute jurisdictional prerequisite (see *Hollister, supra,* 15 Cal.3d at p. 669; Cal. Rules of Court, rule 8.104(b) ["[i]f a notice of appeal is filed late, the reviewing court must dismiss the appeal"][3]), technical accuracy in the contents of the notice is not. (See *Beltram v. Appellate Department* (1977) 66 Cal.App.3d 711, 714 (*Beltram*) ["[t]he general rule is that although failure to file a notice of appeal is a jurisdictional defect that cannot be remedied, once a notice is filed it is to be construed liberally in favor of its sufficiency"].)  Once a notice of appeal is timely filed, the liberal construction requirement compels a reviewing court to evaluate whether the notice, despite any technical defect, nonetheless served its basic function — to provide notice of who is seeking review of what order or judgment — so as to properly invoke appellate jurisdiction.

---

[3]     California Rules of Court, rule 8.104(a) sets forth the requirements governing when a notice of appeal must be filed, typically the earliest of 60 days after service of the notice of entry of the appealable order or judgment, or 180 days after entry of the order or judgment.  There is no dispute that the notice in this case was filed in a timely manner.

In *Chung Sing v. Southern Pacific Co.* (1918) 178 Cal. 261 (*Chung Sing*), we applied the liberal construction requirement to a notice of appeal that had misnamed one of the appealing parties. The plaintiff in *Chung Sing* obtained a judgment against three defendants, Southern Pacific Company, H. W. Crumrine and George Blackburn. Defendants' counsel filed a notice of appeal that correctly listed two of the appellants — Southern Pacific Company and H. W. Crumrine — but erroneously listed the third appellant as C. A. Burton, rather than George Blackburn. The plaintiff argued that defendant Blackburn should be dismissed from the appeal because he was not referenced in the notice.

We rejected that argument, concluding that "[i]t [was] perfectly apparent from the notice, when read in connection with the record, that such notice was filed on behalf of [defendant Blackburn] . . . ." (*Chung Sing, supra,* 178 Cal. at p. 263.) We noted that Blackburn was one of the parties who had been named in the challenged judgment, and that "no one named Burton was involved therein." (*Ibid.*) We explained that the only reasonable inference to be drawn from the record was that "the use of the name 'C. A. Burton' . . . to designate one of the appellants was solely due to inadvertence" (*id.* at pp. 263–264), and that "the adverse party could not have been misled thereby" (*id.* at p. 264).

In *Vibert v. Berger* (1966) 64 Cal.2d 65 (*Vibert*), we held that a notice of appeal from an order sustaining a demurrer could be construed to incorporate the judgment of dismissal entered thereon. In our analysis, we explained that, under " 'hornbook law . . . [an] order sustaining a demurrer is interlocutory [and] not appealable, and that the appeal must be taken from the subsequently entered judgment.' " (*Id.* at p. 67.)

9

However, quoting at length the reasoning in *Evola v. Wendt Construction Co.* (1958) 158 Cal.App.2d 658 (*Evola*), we further observed that several courts addressing the same issue had nonetheless concluded that the notice should be construed to include the underlying judgment if the appellant's intent was clear, and no prejudice would accrue to the respondent: " 'There may be many situations where a notice of appeal from a nonappealable order cannot and should not be treated to be a notice of appeal from a judgment subsequently entered. In many situations there might be doubts as to just what the appellant was seeking to have reviewed. But there is no doubt in the instant case. Clearly, the appellant was seeking to have reviewed the propriety of the order sustaining the demurrer . . . . [B]y incorrectly stating that he was appealing from the order instead of from the judgment, he should not be precluded from securing a review of what all concerned knew he was seeking to have reviewed. No one was misled. No prejudice to the respondent appears. Respondent is simply trying to take advantage of a mistake made by appellant . . . .' " (*Vibert,* at pp. 68–69, italics omitted, quoting *Evola,* at p. 661.)

Finding persuasive the analysis in *Evola, supra,* 158 Cal.App.2d 658, we held that "[w]hether the error in the notice of appeal was merely one in describing the order or judgment or whether it was caused by appellant's ignorance, the notice may without prejudice to respondent reasonably be interpreted to apply to [the] appealable order or judgment rendered before the appeal was noticed. The appeal must therefore be heard on the merits." (*Vibert, supra,* 64 Cal.2d at p. 70.)

More recently, in *Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15 (*Walker*), we applied the rationale of *Vibert* to a notice of appeal

that sought review of an order denying a motion for new trial. The Court of Appeal dismissed the appeal based on *Rodriguez v. Barnett* (1959) 52 Cal.2d 154 (*Rodriguez*), a prior decision in which we dismissed an appeal from an order denying a new trial, and specifically "admoni[shed] . . . members of the bar . . . to cease appealing from such an obviously nonappealable order." (*Id*. at p. 156.)

In *Walker*, we agreed with the Court of Appeal's finding that "an order denying a motion for new trial is not independently appealable," and that the plaintiff had "thus plainly erred in seeking to appeal from the . . . order . . . rather than from the . . . judgment . . . ." (*Walker,* at p. 19, italics omitted.) We disagreed, however, that *Rodriguez* precluded the Court of Appeal from "construing the notice to encompass the underlying judgment" (*ibid*.), explaining that the dismissal in *Rodriguez* did not have "the effect of closing the doors to the party's appeal since . . . the appealing party [in that case] had filed both a notice of appeal from the order denying a new trial and a timely notice of appeal from the underlying judgment. . . . [¶] In this case, only *one* notice of appeal was filed, and dismissal would have the effect of completely denying [plaintiff] an appeal." (*Id*. at p. 20, italics omitted.) Finally we held that "[b]ecause '[t]he law aspires to respect substance over formalism and nomenclature' [citation], a reviewing court should construe a notice of appeal from an order denying a new trial to be an appeal from the underlying judgment when it is reasonably clear the appellant intended to appeal from the judgment and the respondent would not be misled or prejudiced." (*Id*. at p. 22.)

## B. The Court of Appeal Erred in Concluding That a Notice of Appeal Cannot Be Liberally Construed To Include an Unnamed Party

Based on the reasoning of our decisions above, we agree with Carrillo that a reviewing court is not categorically precluded from construing a notice of appeal from a sanctions order to include a sanctioned attorney who is not referenced in the notice. Applying the standard set forth in *Walker*, *supra*, 35 Cal.4th 15, we conclude that a reviewing court must construe a notice of appeal from a sanctions order to include an omitted attorney when it is reasonably clear that the attorney intended to join in the appeal, and the respondent was not misled or prejudiced by the omission.

Although LAUSD is correct that the rule of liberal construction is most commonly employed to remedy defects in a notice's designation of the order or judgment that is being appealed from, our holding in *Chung Sing*, *supra*, 178 Cal. 261, makes clear that the rule also applies to defects in the notice's designation of the parties to the appeal.[4]  (See *Chung Sing*, at

---

[4]     B. E. Witkin, who drafted the original Rules on Appeal (see *ante*, at p. 7), appears to have anticipated that, in appropriate cases, the rule of liberal construction would be utilized to remedy defects in the notice's description of the appealing parties. Witkin noted that former rule 1(a)'s requirement that " '[a] notice of appeal shall be liberally construed in favor of its sufficiency' " was intended to reflect "the rule of liberal construction declared in a number of cases." (*New California Rules on Appeal*, *supra*, 17 So.Cal. L.Rev. at p. 82.)  In support, Witkin cited to several cases that had previously applied the rule, including *Poggetto v. Bowen* (1936) 18 Cal.App.2d 173 (*Poggetto*), in which the reviewing court construed a notice of appeal that mistakenly identified the

pp. 263–264; see also 9 Witkin, Cal. Procedure (5th ed. 2008) § 562, p. 641 [under the rule of liberal construction, "[m]istakes in the designation of parties will not be fatal", citing *In re Estate of Strong* (1937) 10 Cal.2d 389, 390 [notice that erroneously designated plaintiff as the executor of the estate construed to have been brought in plaintiff's individual capacity], *Boynton v. McKales* (1956) 139 Cal.App.2d 777, 787–788 [notice that identified only one defendant as the respondent construed to include all of the codefendants], *Poggetto, supra,* 18 Cal.App.2d at pp. 175–176].)

While *Chung Sing*, *supra*, 178 Cal. 261, involved a notice of appeal that had merely misnamed one of the appealing parties, other decisions have applied the liberal construction requirement to construe a notice to include a party who was omitted from the notice entirely. In *Beltram*, *supra*, 66 Cal.App.3d 711, for example, a judgment was entered jointly against the City of Los Angeles and an employee of the city. The city filed a notice of appeal that did not refer to the employee. The court, however, concluded the notice was sufficient to preserve the employee's right of appeal: "Any liability of the City of Los Angeles to plaintiffs is wholly derivative from the liability of its employee . . . . The issues as to the city and its employee [we]re identical. Therefore, the inadvertent omission of the employee's name from the notice of appeal [could not] have

---

defendant as the appellant to have been brought on behalf of the plaintiff. *Poggetto* included citations to *Chung Sing*, *supra*, 178 Cal. 261, and other cases that had applied the rule to remedy errors in the notice's designation of the parties. (*Poggetto*, at p. 176.)

prejudiced or misled plaintiffs or in any way affected their preparation for the appeal." (*Id*. at p. 715.)

Similarly, in *Toal v. Tardif* (2009) 178 Cal.App.4th 1208, an attorney filed a notice of appeal from a judgment that was entered jointly and severally against a husband and wife. Although the husband had signed the notice, the area of the form designating the names of the appellants was left blank. The plaintiffs argued that because only the husband's name appeared on the notice, the Court of Appeal lacked jurisdiction to consider any appeal by the wife, and thus the judgment against her must stand. The court rejected the argument, concluding that because the challenged judgment subjected both husband and wife "to the same award," the rule of "[l]iberal construction . . . compel[led]" the court to conclude she was an intended appellant despite her omission from the notice. (*Id*. at p. 1216.)

Our reasoning in *Walker*, *supra*, 35 Cal.4th 15, and *Vibert*, *supra*, 64 Cal.2d 65, is also instructive. In each case, we explained that while the appellant had "plainly erred" by designating only a nonappealable order in the notice (*Walker,* at p. 19; see *Vibert*, at p. 69), the strong public policy favoring the hearing of appeals on their merits compelled that the notice be construed to incorporate the underlying judgment if the party's intent was "apparent" from the record (*Vibert*, at p. 68), and the respondent was not misled or prejudiced by the omission. As stated in *Vibert*, even if the notice's defect was the result of "appellant's ignorance" (*id.* at p. 70) of the technical requirements of appellate procedure, he " 'should not be precluded from securing a review of what all concerned knew he was seeking to have reviewed' " (*id.* at pp. 68–69, italics omitted, quoting *Evola*, *supra*, 158 Cal.App.2d at p. 661). That reasoning

applies equally where it is clear from the record that an attorney intended to join in an appeal from an order directing him or her to pay sanctions, but, either through clerical error or ignorance of the law, was omitted from the notice of appeal.[5]

The Court of Appeal reached a different conclusion, holding that the notice of appeal filed in K.J.'s name could not be construed to include Carrillo regardless of whether his intent to join in the appeal was otherwise clear from the record. In support, the court relied on *Calhoun, supra,* 20 Cal.App.4th 39, one of several cases holding that a client's notice of appeal from a sanctions order cannot be construed to include an omitted attorney. (*Id.* at p. 43; see *Indiana Lumbermens, supra*, 226 Cal.App.4th at pp. 10–11 [following *Calhoun*'s analysis]; *In re Marriage of Knowles* (2009) 178 Cal.App.4th 35, 38, fn. 11 [dismissing attorney's appeal of sanctions order and citing *Calhoun*]; but see *Kane v. Hurley* (1994) 30 Cal.App.4th 859, 861, fn. 4 [liberally construing client's notice of appeal from order sanctioning attorney to "include [the omitted attorney]"]; *Eichenbaum v. Alon* (2003) 106 Cal.App.4th 967, 974 [construing party's notice of appeal from joint sanctions order to "include [party's] attorney"].)

---

[5]    Although LAUSD contends that construing a notice of appeal that identifies a nonappealable order to include the underlying judgment is "far different" than construing a notice of appeal to include an omitted party, it fails to explain why those circumstances should be treated differently. Where an omitted party's intent to join in the appeal is clear from the record, the respondent suffers no more prejudice than when the notice erroneously designates a nonappealable order, but it is clear from the record that the appellant sought review of the judgment entered thereon.

*Calhoun*, *supra,* 20 Cal.App.4th 39, and its progeny effectively adopt a bright-line rule mandating that an attorney's name appear in the notice of appeal to preserve his or her right to challenge a sanctions order. We acknowledge this bright-line approach would provide the benefit of clarity, and relieve the Court of Appeal from having to make case-by-case determinations whether an omitted attorney's intent to join in the appeal was sufficiently clear. However, the same could be said of the various types of technical defects that we addressed in *Chung Sing, supra,* 178 Cal. 261, *Vibert, supra,* 64 Cal.2d 65, and *Walker, supra,* 35 Cal.4th 15. In all those cases, we concluded that the defect in the notice did not warrant automatic dismissal. Instead, we held that the public policy interests underlying the liberal construction requirement justified an examination of the record to determine whether, despite the notice's defect, the appellants' intent was nonetheless clear to the parties. The same is true here. Whatever benefits might accrue from the formalistic approach set forth in *Calhoun* do not justify forfeiture of a party's right to appeal in cases where his or her intent to participate in the appeal is reasonably clear from the record, and the omission has caused no confusion or prejudice to the opposing party. (See *Walker,* at p. 22.)[6]

---

[6] To the extent they are inconsistent with this opinion, we disapprove *Calhoun v. Vallejo City Unified School Dist., supra,* 20 Cal.App.4th 39, and other prior cases that suggest an attorney's name must appear in the notice of appeal to preserve his or her right to challenge a sanctions order, including *People v. Indiana Lumbermens Mutual Ins. Co., supra,* 226 Cal.App.4th at page 10, *In re Marriage of Knowles, supra,* 178 Cal.App.4th at page 38, footnote 1, and *Taylor v. Varga* (1995) 37 Cal.App.4th 750, 761–762, footnote 12.

LAUSD presents two additional arguments in support of its contention that a reviewing court cannot construe a notice of appeal from a sanctions order to include an omitted attorney. First, LAUSD argues that the language of rule 8.100(a)(1), which states that an "appellant must serve and file a notice of appeal," impliedly requires that a party's name must be included on the notice to preserve his or her right to appeal. According to LAUSD, had the Judicial Council intended to allow reviewing courts to construe a notice of appeal to include appellants who are not expressly referenced in the notice, "they could have made that clear, but they have chosen not to do so."

We are not persuaded. While it is true that rule 8.100(a)(1) compels the "appellant" to file a notice of appeal, rule 8.100(a)(2) specifically provides that the contents of the notice are to be liberally construed. As explained above, prior case law makes clear that this rule of liberal construction applies to defects in the designations of the parties, including errors involving the omission of an intended appellant. (See *ante*, pp. 12–14.) We find nothing in the text of rule 8.100 that prohibits construing a notice of appeal to include an omitted party whose intent to join in the appeal is otherwise clear from the record.

LAUSD next asserts that construing a client's notice of appeal to include the sanctioned attorney would contravene the well-established rule that a party lacks standing to " 'assert error that injuriously affected only nonappealing coparties.' " (*Conservatorship of Gregory D.* (2013) 214 Cal.App.4th 62, 67–68, quoting *Estrada v. RPS, Inc.* (2005) 125 Cal.App.4th 976, 985.) Our holding, however, does not provide a client with standing to appeal a sanctions order on behalf of a sanctioned attorney. Instead, our holding compels a reviewing court to construe a notice filed in the name of the client to include an

omitted attorney when it is reasonably clear that the attorney intended to join in the appeal, and the respondent was not misled or prejudiced by the omission.[7]

That does not mean, however, that a client's notice of appeal from a sanctions order must always be construed to include an omitted attorney. There may be situations where an omitted attorney's intent to join in the notice of appeal is not sufficiently clear from the record, or where the omission has otherwise caused prejudice to the respondent, rendering the attorney's inclusion in the appeal improper. To avoid any questions as to an attorney's right to appeal, and to avoid unnecessary litigation regarding that issue, the better practice is for the attorney to file a notice of appeal that expressly identifies himself or herself as an appealing party.

---

[7] Although the parties' briefs include multiple references to "standing," which is a jurisdictional requirement set forth in Code of Civil Procedure section 902 (see § 902 ["[a]ny party aggrieved may appeal"]; *In re K.C.* (2011) 52 Cal.4th 231, 236 ["only a person aggrieved by a decision may appeal"]; *Marsh v. Mountain Zephyr, Inc.* (1996) 43 Cal.App.4th 289, 295 ["[s]tanding to appeal is 'jurisdictional'"]), neither party disputes that Carrillo, as the sanctioned party, has standing to challenge the sanctions order. (See *Bauguess v. Paine* (1978) 22 Cal.3d 626, 634, fn. 3 [sanctioned attorney entitled to appeal sanctions order].) Similarly, neither party has argued that K.J., whose rights were not affected by the order, does have standing to appeal. Thus, this case does not actually present any issue of standing. Rather, the issue in dispute is whether a notice of appeal from a sanctions order that is brought only in the name of a client can be construed to include the client's sanctioned attorney.

## C. The Court of Appeal Should Have Construed K.J.'s Notice of Appeal To Include Carrillo as an Appellant

Having articulated the conditions under which a client's notice of appeal from a sanctions order should be construed to include an omitted attorney, we must next determine whether those conditions are present here. Several factors weigh in favor of construing the notice of appeal filed in the name of K.J. to include attorney Carrillo.

First, the notice expressly designates the sanctions order as the subject of the appeal; no other orders or judgments are referenced in the notice. Thus, all parties were aware that the sole basis of the appeal was a challenge to the trial court's sanctions order.

Second, the trial court's order only assessed sanctions against Carrillo; the order had no effect on K.J.'s rights. The fact that Carrillo served as K.J.'s attorney in the underlying proceedings, and that he was the only party who was affected by the order (and thus the only party who had reason to challenge it), strongly suggests that he was in fact the intended appellant. (See *Laurino v. Tate* (10th Cir. 2000) 220 F.3d 1213, 1218 [omitted attorney's intent to appeal sanctions award was sufficiently clear because the challenged order only imposed sanctions against him]; see also *Retail Flooring Dealers of America, Inc. v. Beaulieu of America, LLC* (9th Cir. 2003) 339 F.3d 1146, 1149 [the fact that the order only imposed sanctions against the omitted attorney was a factor establishing his "desire to appeal"].)

Third, the record shows that, during the trial court proceedings, Carrillo vigorously challenged the court's authority to issue sanctions against him. After initially being found in

contempt for having willfully disobeyed a discovery order, Carrillo filed a petition for habeas corpus that resulted in a stay of the contempt order. While the stay was in effect, the trial court held additional proceedings to address whether the stay precluded it from entering discovery sanctions against Carrillo based on the same misconduct that gave rise to the contempt order. Over Carrillo's objections, the trial court concluded it retained sanctioning authority, and entered the order that is the subject of the current appeal. The fact that the parties engaged in substantial litigation regarding the issue of sanctions that focused exclusively on Carrillo provides additional indicia that he was an intended appellant.

Finally, LAUSD's briefing does not assert that it was misled or prejudiced by Carrillo's omission from the notice of appeal. Nor is any prejudice suggested by the record. The only claim raised in the appellant's opening brief was that the trial court had erred in sanctioning Carrillo. LAUSD raised the jurisdictional argument for the first time in its respondent's brief, which also addressed the merits of appellant's claim. Thus, the fact that Carrillo was omitted from the notice had no apparent effect on the appellate proceedings, other than to cause LAUSD to raise the jurisdictional argument.[8] (See *Walker,*

---

[8] In response to questioning at oral argument, LAUSD contended for the first time that it had been prejudiced because, if the notice of appeal is now construed to include Carrillo, he would then be able to present the merits of his claims, which could result in a reversal of the sanctions order. LAUSD has presented no authority suggesting that, in this context, allowing an opposing party to present the merits of his or her appeal qualifies as a cognizable form of "prejudice." Under LAUSD's rationale, prejudice would always be present in cases where a

*supra,* 35 Cal.4th at p. 21 [appellant made "colorable argument" of nonprejudice where the record showed that respondent raised appealability issue for the first time in a respondent's brief that also addressed the merits]; *Beltram, supra,* 66 Cal.App.3d at p. 715 [notice's omission of codefendant found nonprejudicial because the "issues as to [all defendants were] identical," and the omission thus did not "affect[] [plaintiffs'] preparation for the appeal"].)

Considered together, the factors described above demonstrate with reasonable clarity that although Carrillo's name did not appear in the notice of appeal, he nonetheless intended to participate in the appeal, and that LAUSD suffered no prejudice from his omission. Accordingly, the Court of Appeal should have construed the notice to include Carrillo as an appealing party.

## III. DISPOSITION

The Court of Appeal's dismissal of the appeal is reversed. The matter is remanded with directions to the Court of Appeal to set aside its order of dismissal and decide the merits of appellant Carrillo's challenge to the sanctions order.

---

party seeks excusal of a technical error in the notice of appeal. We think it clear that the mere fact an opposing party would be able to present his or her claims on appeal is, standing alone, insufficient to establish prejudice.

**GROBAN, J.**


**We Concur:**

**CANTIL-SAKAUYE, C. J.**
**CHIN, J.**
**CORRIGAN, J.**
**LIU, J.**
**CUÉLLAR, J.**
**KRUGER, J.**

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** K.J. v. Los Angeles Unified School District

_____

**Unpublished Opinion** XXX NP opn. filed 2/23/17 – 2d Dist., Div. 3
**Original Appeal**
**Original Proceeding**
**Review Granted**
**Rehearing Granted**


_____

**Opinion No.** S241057
**Date Filed:** January 30, 2020

_____

**Court:** Superior
**County:** Los Angeles
**Judge:** William P. Barry


_____

**Counsel:**

Werksman Jackson Hathaway & Quinn, Kelly C. Quinn and Mark W. Allen for Objector and Appellant.

Coleman and Associates, John M. Coleman; Law Offices of Bruce T. McIntosh and Bruce T. McIntosh for Defendants and Respondents.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Kelly C. Quinn
Werksman Jackson Hathaway & Quinn, LLP
888 West Sixth Street, Fourth Floor
Los Angeles, CA 90017
(213) 688-0460

Bruce T. McIntosh
Law Offices of Bruce T. McIntosh
1055 E. Colorado Blvd., #500
Pasadena, CA 91106
(626) 201-6717